[No. 22.   Decided March 8, 1890.]

## M. BROTTON v. CHARLES LANGERT.

### EVIDENCE — MEMORANDA — EXCESSIVE VERDICT.

In an action by a mortgagee to recover damages for the conversion of mortgaged personalty, where the mortgagee testifies that he has received certain sums of money from the mortgagor to be applied on the mortgage debt, but is unable to state the amounts, it is error to permit him to read in evidence from a memorandum prepared by his clerk as to the items of payment made by the mortgagor, when he does not know how the clerk made up such memorandum.

Where, in such action, the evidence shows the value of all the property covered by the chattel mortgage was about $1,200; that only a portion of such property was converted by the defendant, and that the value of the goods not taken by him was at least $700, plaintiff can only recover the value of the goods converted, not exceeding in amount the balance unpaid upon the mortgage, and a verdict for $1,000 will be set aside as excessive.

*Error to District Court, Pierce County.*

Action by Charles Langert against M. Brotton, to recover the sum of $1,000 damages for the taking and selling of certain personal property by defendant while acting as constable of Tacoma precinct in Pierce county. On the 25th day of May, 1887, one Westlin was indebted to plaintiff in the sum of $1,200. On that day he made and delivered to plaintiff a promissory note for that amount, payable on demand, and to secure its payment executed a chattel mortgage on certain liquors and furniture used in operating the Exchange Hotel in the city of Tacoma. The mortgage provided that Westlin might retain possession of the property until default was made in payment, and that he might sell the liquors at retail for cash, account for the sales so made at the close of each day, and pay over the proceeds to plaintiff for application on the mortgage debt. On the next day after the execution of the mortgage, and for several days after, suits were commenced against West-

lin by various parties, and on the second day of June, 1887, the defendant Brotton, under executions issued out of the justice's court, took possession of the mortgaged property, closed the hotel and tore up the carpets.

On the 17th day of June the defendant, having advertised the property for sale, sold it in parcels to various purchasers, and the property was removed from the premises. A small portion of the property was left by defendant unsold; and this plaintiff took possession of and sold for $325. He also received some $18 or $20 in addition thereto. Trial was had before a jury, and a verdict rendered for plaintiff for the sum of $1,000 damages.

*E. W. Taylor*, for plaintiff in error.

*Judson, Sharpstein & Sullivan*, for defendant in error.

The opinion of the court was delivered by

Hoyt, J.—Plaintiff in this action sought to recover damages for the conversion of certain articles of personal property upon which he had a mortgage. Defendant attempted to justify as an officer by virtue of certain executions against the mortgagor.

Numerous errors are assigned to the rulings of the court below, but in view of the unsatisfactory state of the record, and of a division of opinion as to what is made to appear therefrom, we shall only notice two of said alleged errors, and leave the questions presented by the others to be determined in some other case.. During the progress of the trial plaintiff admitted that he had received certain sums of money from the mortgagor to be applied upon the mortgage debt, and when asked as to the amount of such payments stated that he could not tell.

He was then shown a certain memorandum and asked if by the aid thereof he could get such amount? Upon examination it appeared that such memorandum was not made by himself but by his clerk, and that he, witness, could not

say how said clerk made up the same.    Upon this appear-
ing counsel for the defendant objected to the witness using
the memorandum in giving his testimony.    The court, how-
ever, against such objection, allowed the witness to read
from such memorandum as to the items of payment made
by the mortgagor.   Exception was duly taken to such ruling
and error assigned thereon.

The amount still due upon the mortgage was material to
the plaintiff's case, and as he had testified that certain pay-
ments had been made, it became material that he should
show the amount of such payments.    Therefore the evi-
dence elicited from the witness by the aid of the memo-
randum was material.    Was the memorandum such as the
witness was authorized to read from to the jury?   If it was
not, it was error to allow the witness thus to use it.

It is not claimed that the paper used was such as, in itself,
could be introduced in evidence, but it is contended that it
comes within the rule which allows certain memoranda to
be used by a witness to refresh his memory when testify-
ing.    If this memorandum was of that class, it is possible
that it was not error to allow witness to read therefrom,
though the usual course is to allow the witness to read the
memorandum and then to testify to knowledge of the facts
as to which he has thus refreshed his memory.

In our opinion, however, the memorandum in question
was not shown to be such as could be used by the witness
even for the purpose of refreshing his memory.   It comes
within none of the three classes recognized by the writers
on evidence, especially in view of the fact that after read-
ing it the witness did not pretend to say that he then had
any personal knowledge of the statements therein con-
tained.    See 1 Greenl. Ev., §§ 436, 437.

Plaintiff introduced evidence tending to show that the
value of all the property covered by his mortgage was
about twelve hundred dollars.   But the uncontradicted
evidence in the case showed that only a portion of such

property was converted by the defendant, and that the value of those goods not taken by him was at least seven hundred dollars.

Under the pleadings in the case, plaintiff could only recover the value of the goods converted by the defendant, not exceeding in amount the balance unpaid upon his mortgage. See *Sheehan v. Levy, ante,* p. 149, decided at this session of this court.

Hence it follows that the verdict of one thousand dollars was much larger than the evidence warranted, and that defendant's motion for a new trial on that ground should have been granted.

For the errors above stated the judgment must be reversed *with costs and a new trial granted.*

ANDERS, C. J., and DUNBAR, STILES and SCOTT, JJ., concur.