## Henry D. O'Neil, Sheriff, v. Patterson & Co.

## F. E. Chiles, Constable, v. Patterson & Co.

1. CHATTEL MORTGAGES—*Power of Mortgagee to Seize the Goods.*—A chattel mortgage containing a clause authorizing the mortgagee to take possession of the mortgaged property, to declare the mortgage debt due, and to foreclose it by selling the property at public or private sale if he shall feel "unsafe or insecure," is sufficient authority for seizing the property where the mortgagor absconds and leaves it unprotected.

2. CHATTEL MORTGAGE—*When Not Fraudulent.*—A chattel mortgage providing that the mortgagor "may retain possession of and keep and use the goods and chattels until default," etc., is not equivalent to one authorizing the mortgagor to retain possession of the property and sell and dispose of it in the due course of his business and trade as a retail dealer.

3. CHATTEL MORTGAGES—*When Good as Between the Parties.*—A chattel mortgage authorizing the mortgagor to retain possession of the property and sell and dispose of it in the due course of his business and

trade as a retail dealer, though fraudulent as to creditors, is valid as between the parties; default being made in the condition of such a mortgage where possession of the goods passes before attachments are issued, the lien becomes complete against creditors in like manner and to the same extent as it would, had the possession passed at the time the mortgage was given.

4. CHATTEL MORTGAGES—*Possession Lawfully Taken—Effect of.*— When the mortgagee lawfully takes possession of the mortgaged property under the provisions of the mortgage, the possession so obtained is absolute and perfect whether obtained with or without the consent of the mortgagor.

5. CHATTEL MORTGAGES—*A Conditional Sale, etc.*—A chattel mortgage is a conditional sale—the condition being the payment of a debt. The conditional title of the mortgagee becomes absolute upon default in payment of the debt—and the mortgagor may then seize the property and sell and transfer the absolute title to a purchaser.

6. BONA FIDE PURCHASER—*When He Takes the Title.*—A bona fide purchaser, from even a fraudulent vendee, will take the title free from the vendee's frauds.

**Memorandum.**—Replevin. Appeal from the Circuit Court of Macoupin County; the Hon. JAMES FOUKE, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed November 27, 1893.

The opinion states the case.

APPELLANT'S BRIEF, R. P. WILLIAMS, AND J. B. SEARCEY, ATTORNEYS.

A chattel mortgage on a stock of goods where the mortgagor continues to sell in the usual course of trade, is fraudulent and void as to creditors. Huschle v. Morris, 131 Ill. 587; Webber v. Mick, 131 Ill. 526.

A mortgage on a stock of goods allowing mortgagor to retain stock and buy and sell, is void as to creditors. Davis v. Ransom, 18 Ill. 396; Dunning v. Mead, 90 Ill. 376; Yager v. Messinger, 15 Brad. 262.

A chattel mortgage which, by its condition, permits the mortgagor to remain in possession of the property, and to deal with it as his own, disposing of it by sale in due course of trade, is fraudulent in law as to the creditors of the person making the same, and as to subsequent purchasers, and is absolutely null and void as to them, without reference to

the *bona fides* of the mortgage debt, or the intention of the mortgagor as to fraud. If the power of disposition does not appear upon the face of the mortgage, but it is so understood or agreed by the parties at the time the mortgage is executed, it is equally void. Collins v. Meyers, 16 Ohio St. 547; Freeman v. Rawson, 5 Ohio St. 218; Griswold v. Sheldon, 4 N. Y. 581; Twynes' Case, 3 Co. 80; Ryall v. Rowles, 1 Ves. Sr. 348; Addington v. Etheridge, 12 Gratt. 436; Ball v. Slafter, 26 Hun 353; Smith v. Cooper, 27 Hun 565; Bainbridge v. Richmond, 17 Hun 391; McLachlan v. Wright, 3 Wend. 348; Drover v. McLaughlin, 2 Wend. 596; Wood v. Lowry, 17 Wend. 492; Stoddard v. Butler, 20 Wend. 507; Edgell v. Hart, 13 Barb. 380; Edgell v. Hart, 9 N. Y. 213; Gardner v. McEwen, 19 N. Y. 123; Mittnacht v. Kelley, 3 Keys, 407; Russell v. Winne, 47 N. Y. 591; Southard v. Benner, 72 N. Y. 424; Brackett v. Harvey, 91 N. Y. 214; Coburn v. Pickering, 3 N. H. 415; Raulett v. Blodgett, 17 N. H. 298; Putnam v. Osgood, 52 N. H. 148; Horton v. Williams, 21 Minn. 187; Place v. Langworthy, 13 Wis. 629; Steinart v. Denster, 23 Wis. 136; Bishop v. Warner, 19 Conn. 460; Walter v. Winner, 24 Mo. 63; Stanley v. Bruce, 27 Mo. 269; Armstrong v. Tuttle, 34 Mo. 432; Lodge v. Samuels, 50 Mo. 204; White v. Graves, 68 Mo. 218; Welsh v. Bickey, 1 Pa. 57; Homer v. Geesman, 17 S. & R. 251; Williams v. Lord, 75 Va. 390; Mann v. Flower, 25 Minn. 500; Lund v. Fletcher, 39 Ark. 325; Davis v. Ransom, 18 Ill. 396; Barnet v. Fergus, 51 Ill. 352; Dunning v. Mead, 90 Ill. 376; Huschle v. Morris, 131 Ill. 587.

" Creditor," within the meaning o f the rule, is not limited to those only who have issued process, but includes all who have *bona fide* claims. 1 Bouvier Law Dict. title, Creditor.

If a conveyance of property is made with a fraudulent intent and object, it is not purged of the fraud because there may also have been some other object in view, such as the discharge of a debt due the grantee. Hansen v. Dennison, 7 Brad. 73.

A conveyance made to one who is a creditor of the vendor, if made under circumstances of suspicion, and tainted with fraud in law is void. Bostwick v. Suber, 13 Ill. 399.

Although fraud can not be presumed without proof, yet it need only be proven like any other material fact, and whenever it exists it must generally be proven by showing such facts and circumstances as will justify the inference of a fraudulent intent or motive. Reed v. Noxon, 48 Ill. 323.

Every sale, assignment or conveyance of property made by the parties to it, with intent to hinder, defraud or delay creditors existing at the time, as to the collection of their debt, is void as to such creditors, whether such sale, assignment or conveyance was made with or without a valuable consideration therefor. Boies v. Henney, 32 Ill. 130.

A creditor who, to secure debt, takes title by purchase from debtor's fraudulent grantee, takes only such title as debtor had, and other creditors may assail whole transaction for fraud. Waggoner v. Cooley, 17 Ill. 239.

Where property is transferred by a debtor with intent to defraud, hinder or delay his creditors, and the transferee has knowledge of facts and circumstances from which such intent is reasonably and necessarily inferable, the transfer will be fraudulent and void as against such creditors. Boies v. Henney, 32 Ill. 130.

Where a purchaser has sufficient information to lead him to the knowledge of a fact, he shall be deemed cognizant of that fact. Doyle v. Teas, 4 Scam. 202; McDoyle v. Reed, 4 Scam. 117; Merrick v. Wallace, 19 Ill. 486; Rupert v. Mark, 15 Ill. 541; Brown v. Guffney, 28 Ill. 149; Ross v. Hale, 26 Ill. 104; Morrison v. Kelley, 22 Ill. 610; Hatch v. Bigelow, 39 Ill. 546.

Whatever is enough to excite attention and put a party on his guard, and call for inquiry, is notice of everything to which such inquiry might have led, and every usual circumstance is a ground of suspicion and prescribes inquiry. Russell v. Ranson, 76 Ill. 167; Harper v. Ely, 56 Ill. 179; Henneberry v. Morse, 56 Ill. 394; Babcock v. Lisk, 57 Ill. 327; Flint v. Lewis, 61 Ill. 299.

APPELLEE'S BRIEF, R. B. SHIRLEY, ATTORNEY.

If the mortgagee obtains possession under the mortgage before any other rights attach he will hold the same posi-

tion he would if the possession had passed to him at the time the mortgage was given.    Frank v. Miner, 50 Ill. 444; Chipron v. Ferkert et al., 68 Ill. 284.

A fraudulent vendee may make a valid sale of the property to a *bona fide* purchaser without notice of the fraud.    8 Am. and Eng. Ency. 861.

Where a mortgage is fraudulent and made to hinder and delay creditors a *bona fide* purchaser of the property will not be affected by the fraud, and the jury can not, from the mere fact that the mortgage had been so made, infer that the purchaser was a party to it or had notice of it.    Brown v. Riley, 22 Ill. 45.

Where a person who has purchased goods upon false and fraudulent representations sells them to an innocent purchaser for value before they are reclaimed by the vendor, such innocent purchaser will acquire a valid title.    Schweizer v. Tracy, 76 Ill. 345.

Neither idle gossip nor vague reports will affect the purchaser's conscience or put him upon inquiry.    Notice to affect him must be of such a character that a disregard of it would be a fraud.    Mason v. Trustees of Schools, 11 Brad. 454.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

On the 31st day of October, 1892, appellees purchased a stock of hardware from one George Robinson, who delivered possession thereof at once to them.    On the 12th day of November of the same year the appellant O'Neil, as sheriff, and appellant Chiles, as constable, by virtue of certain writs of attachment in their hands against one George R. Cunningham, levied upon and took possession of such hardware, as being the property of, or as subject to attachment as the property of, said Cunningham.    The appellees brought an action of replevin against each of the officers to recover the goods.    These actions were consolidated and tried by the court without a jury.    The appellees prevailed and judgment in replevin and for costs followed, to reverse which, this appeal was taken.

Cunningham, defendant in the writs of attachment, once owned the goods in dispute. He executed a chattel mortgage upon them to one J. R. Shelton, which contained a clause authorizing the mortgagee to take possession of the mortgaged articles, declare the mortgaged debt to be due, and to foreclose the mortgage by selling the property at public or private sale if he should feel "unsafe or insecure." Cunningham absconded, or at least disappeared for a time, and left the mortgaged goods so unprotected that the mortgagees, upon quite sufficient grounds, deemed themselves insecure, and by virtue of the authority given by the mortgage sold the goods to Robinson, who received possession of them and sold and delivered them to the appellees. Some ten or twelve days afterward the writs of attachment were issued.

The appellants insist that the chattel mortgage was fraudulent in point of fact, because, as they urge, there was only a pretended and not a real indebtedness secured by it, and that it was executed to hinder and delay creditors of the mortgagor and that it was fraudulent in law, because, as they contend, it contained a provision authorizing the mortgagor to retain possession of the property and sell and dispose of it in the due course of his business and trade as a retail dealer in hardware. Appellants further contend that the proofs showed that the appellees bought with knowledge of the alleged fraudulent character of the mortgage, and are for that reason not to be regarded as *bona fide* buyers. The court, in the second proposition of law, held that if the appellees had or were chargeable with notice of such alleged fraud, they were not to be treated as innocent purchasers, and as the finding was for the appellees, it is manifest that the court either did not regard the alleged fraud as proven by the evidence, or did not find from the evidence that appellees had or were chargeable with notice thereof. The evidence upon each of these propositions was, to say the least, conflicting, and upon familiar principles the conclusion of the court as to the weight or preponderance of evidence is to be accepted by this court as the correct determination of the questions. Appellants argue that the mortgage is a link in the chain of title of the appellees to

the goods, and that they are therefore chargeable with notice of the provision of the mortgage permitting the mortgagor to sell and dispose of the goods in his retail trade, and that such provision of itself rendered the mortgage fraudulent and void in law. We do not think the mortgage does so provide. The mortgage does provide that the mortgagor "may retain possession of * * * and keep and *use* the said goods and chattels until default," etc., and the supposed right given to sell and dispose of them rests upon a labored argument that the only use to be made of such articles is to sell them. Another clause in the mortgage provides that if "the mortgagor shall sell or assign the goods and chattels or any interest therein" the mortgagee may at once declare the mortgage debt to be due, and take possession of and sell the property and foreclose the mortgage. When the instrument in all of its parts is considered it seems clear that the appellant's construction of it can not be upheld.

If it were otherwise we understand that the mortgage would be valid as between the parties, and that as default was made and the conditions of the mortgage broken, so that the possession of the goods passed under it before the writ of attachments was issued, the mortgage lien became complete against creditors in like manner and to the same extent as it would had the possession passed at the time the mortgage was given. This principle is, we think, announced in Frank v. Minor, 50 Ill. 444; Chepron v. Ferkert, 68 Ill. 284; Gaar, Scott & Co. v. Hurd, 92 Ill. 315; Jones on Chattel Mortgages, Sec. 178; Tiedeman on Sales, Sec. 326. This rule appellant thinks is limited to cases where the possession is obtained by the consent of the mortgagor. We think no such distinction is to be drawn.

When the mortgagee may lawfully take possession of the mortgaged property under the provisions of the mortgage, the possession so obtained is, we think, absolute and perfect, whether obtained with or without the consent of the mortgagor, or rather such possession is, with his consent, expressly given by the terms of the mortgage.

A chattel mortgage is a conditional sale, the condition being the payment of a debt. The conditional title of the mortgagee becomes absolute upon default in payment of the debt, and the mortgager may then seize the property and sell and transfer the absolute title to a purchaser. Tiedeman on Sales, Sec. 221–326.

The mortgagor, in the case at bar, consented by the express terms of the mortgage that this might be done. By other provisions of the mortgage, the mortgagee was authorized to declare the debt to be due upon certain contingencies. This power he lawfully exercised, seized and sold the goods and thereby clothed Robinson with all the *indicia* of title. The appellees being *bona fide* purchasers from Robinson, took the title to the goods free from any defects that might have affected, injuriously, his title.

It is well settled that a *bona fide* purchaser, from even a fraudulent vendee, will take the title free from the vendee's frauds. Tiedeman on Sales, Sec. 327; 8 Amer. & Eng. Ency. of Law, page 833; Schweizer v. Tracy, 76 Ill. 345; Brown v. Riley, 22 Illinois, 45; 21 Amer. and Eng. Ency. of Law, page 569.

The propositions of law held by the court are in harmony with the views we entertain as to the rules of law governing the questions involved, and as there is no manifest reason why we should not accept the finding of the court upon the question of fact, the judgment must be, and is, affirmed.