[No. 2804. Decided January 20, 1898.]

T. J. McCLELLAN, *Respondent,* v. GEORGE GASTON, *as Sheriff of Thurston County, Appellant.*

SERVICE OF PROCESS — WAIVER OF OBJECTIONS — CONTINUANCE — PROOF OF SICKNESS — MORTGAGED CHATTELS — RIGHT OF MORTGAGEE TO POSSESSION — CONVERSION — VALUE — IRREGULAR VERDICT.

Where a defendant has indorsed upon a summons that due and legal service thereof is accepted and admitted by him, he is estopped to afterwards raise the objection that service was made upon him on a non-judicial day.

The refusal of the court to grant a continuance because of the sickness of defendant, who is a material witness in the action, is not an abuse of discretion, when no proof of sickness is submitted with the application for continuance, but merely an affidavit that affiant was told by a relative that defendant was sick and could not be present.

A provision in a chattel mortgage authorizing the mortgagee, in case of default or insecurity of the debt, to take possession of the mortgaged property, " using all necessary force to do so," does not warrant the mortgagee or a sheriff in taking possession thereof over the objections of the mortgagor, but, in the absence of the mortgagor's consent, the contract can be enforced only by due process of law.

Objection to the form of a verdict cannot be raised on appeal,

when the error has not been called to the attention of the lower court, so as to afford an opportunity to correct it there.

The question of the value of goods converted by the sheriff under wrongful levy being one for the jury, their finding thereon will not be disturbed on appeal.

Appeal from Superior Court, Thurston County.—Hon. CHARLES H. AYER, Judge. Affirmed.

*Troy & Falknor*, for appellant.

*Phil. Skillman*, and *T. F. Mentzer*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—On the 5th of January, 1897, A. Perry instituted an action against the respondent McClellan, for the purpose of foreclosing a chattel mortgage given on a certain stock of goods. The summons and complaint in said action were placed in the hands of George Gaston, sheriff of Thurston county, Washington, for service. The said Gaston took possession of the stock of goods which had been mortgaged. The question of whether the possession was peaceable or forcible, is a question at issue in this case. This is an action against sheriff Gaston for the conversion of said goods. Upon the trial a verdict was rendered in favor of the respondent and judgment entered against Gaston. From said judgment this appeal is prosecuted.

Many errors are assigned by the appellant, and many objections and motions were interposed during the trial, some of which it seems to us were essentially dilatory. The defendant appeared specially and moved the court to quash the service of the summons for the reason that the same was served upon a non-judicial day, and the overruling of this motion is the appellant's first assignment of error. It may be conceded that the summons was served upon a non-judicial day, that a summons is a process issuing out of a court, and that under the laws of the state, courts are

closed on legal holidays.  But an inspection of the summons in this case discovers the following indorsement:  " Summons and complaint.  Due and legal service of the within summons and attached complaint by copies thereof accepted and admitted this 12th day of February, 1897.  George Gaston."  We think this estops appellant from raising any question as to the legality of the service of the summons. While it is probably true that the acceptance of service ordinarily goes only to the proof of service, yet in this case the   objection is not that the summons was not a proper summons or that the parties were not proper parties to be summoned, but it goes simply to the legality of the service, and the legality of the service being admitted, the appellant cannot now be heard to object to such service.

We think the demurrer to the complaint was properly overruled, and that no abuse of discretion was indulged in by the court in assigning the case for hearing.

It is also contended by the appellant that the court committed error in not granting a continuance on the showing made at the trial.  The showing was as follows:

" State of Wash., County of Thurston—ss:

" A. Perry and James Allison being on oath duly sworn deposes and says that one Mr. Bush, a brother-in-law of the defendant, who resides with the defendant, told these affiants this 29th day of April that the defendant requested said Bush to tell these affiants that he was sick and could not be present at this trial."

This was subscribed and sworn to by Perry and Allison. There was also an affidavit by A. J. Falknor, one of the attorneys for the appellant, that the defendant was a material witness in the action.  It is asserted by the appellant that sickness is such a ground for continuance that it is an abuse of discretion to deny the application.  Conceding the correctness of this announcement, a glance at the affidavit upon which the motion for a continuance is based is sufficient

to show that there was no testimony whatever offered to the effect that the defendant was sick. If such a showing as was made in this case should be held to be a proper basis for a continuance, no case could be brought to trial against an unwilling defendant and no one could be held responsible for perjury in avoiding trials.

There is really but one question in this case of any merit whatever, and that is as to the instructions given by the court. The mortgage contained the ordinary provision that, if the mortgagor should fail to make the payments as in the said notes provided, or if the mortgagee should at any time feel insecure, the mortgagee might take possession of the property mortgaged, using all necessary force to do so, and might proceed to sell the same in the manner provided by law, etc. The court instructed the jury that the defendant, even though the mortgage set out in defendant's answer were valid and a lien on the goods taken, had no right to take possession of the said goods without the consent of plaintiff, and that the defendant Gaston had no right, under the summons and complaint, in his hands, to seize or hold the property of plaintiff McClellan; that the taking possession of property described in the complaint by the defendant Gaston, against the protest or objection of the plaintiff McClellan, if such was a fact, operates in law as a conversion of the property, and plaintiff is entitled to a verdict for the value of such property and legal interest. These instructions were excepted to by the defendant, and other instructions asked, expressing the reverse of the instructions given on this proposition, and the giving of the instructions just mentioned and the refusal to give the instructions asked by the defendant, is assigned as error.

Many cases have been cited by the appellant to sustain his contention that the court erred in its instructions, but

an examination of these convinces us that they ·are not in point. There is no doubt that such clauses are legitimate in mortgages and confer rights upon the mortgagees, but those rights must be enforced as every other contractual· right is enforced. Because a party to a contract violates his contract and refuses to do what he agreed to do, is no reason why the other party to the contract should compel the performance of the contract by force. The adoption of such a rule would lead to a breach of the peace, and it is never the policy of the law to encourage a breach of the peace. The right to an enforcement of this part of the contract must, in the absence of a consent on the part of the mortgagor, be enforced by due process of law the same as any other contract.

Some of the cases cited by the appellant, notably *O'Neil v. Patterson*, 52 Ill. App. 26, contain some expressions which might give color to appellant's contention. But even in this case—and it is not a decision by the highest court of the state—the action was not between the parties to the mortgage but between the mortgagee and attaching creditors, the mortgagor having absconded and left the property unprotected.

Section 705 of Jones on Chattel Mortgages (4th ed.), is as follows:

" Upon default the mortgagee is entitled to take peaceable possession without a prior demand for the payment of the debt, but the law will not allow him to commit or to threaten a breach of the peace and then to justify his conduct by a trial of the right of property. Instead of using force, the mortgagee must resort to his legal remedies. The mortgagee becomes a trespasser by going upon the premises of the mortgagor, accompanied by a deputy sheriff who has no legal.process, but claims to act *colore officii*, and taking possession without the active resistance of the mortgagor. To obtain possession under such a show and

pretense of authority is to trifle with the obedience of citizens to the law and its officers."

·The cases cited sustain this announcement and the overwhelming weight of authority is to the effect that the possession under the character of the stipulations which we have mentioned cannot be taken over the objections of the mortgagor; and that was in substance what the court instructed.

There are some other minor objections, one being to the form of the verdict; but this was a matter which should have been called to the attention of the lower court so that it might have been corrected, as it undoubtedly would have been. Not having been so called to the attention of the lower court, the error, if it be an error, cannot be raised for the first time in this court, under the uniform decisions rendered heretofore. The allegation of the complaint was that the possession was taken forcibly. That was one of the issues in the case, and the testimony of the respondent, if uncontradicted—and it must be considered by this court as though it were uncontradicted, for the weight of the testimony was submitted to the jury—is to the effect that he constantly objected to the taking possession of these goods by the sheriff.

The question of value is also one which was submitted to the jury, and while it might appear to the court from the synopsis of the testimony furnished, that the jury placed a large valuation on the property, yet that was the tribunal to which this question was legally submitted, and its decision is binding on this court.

We think there was no error committed during the progress of the trial, and the judgment will therefore be affirmed.

SCOTT., C. J., and ANDERS, GORDON and REAVIS, JJ., concur.