[No. 10037.  Department Two.  February 15, 1912.]

## F. R. NETTLETON et al., Appellants, v. G. L. EVANS et al., Respondents.[1]

CHATTEL MORTGAGES—CONSTRUCTION—RIGHTS OF MORTGAGEE—POSSESSION—REPLEVIN.  A provision in a chattel mortgage that in case of default the mortgagee may take immediate possession and proceed to sell the same in the manner provided by law, must be construed to have reference to the taking of possession by the method provided by statute for the foreclosure thereof, as an exclusive remedy; and consequently replevin cannot be maintained.

Appeal from a judgment of the superior court for Pacific county, Smith, J., entered August 1, 1911, upon sustaining a demurrer to the complaint, dismissing an action of replevin. Affirmed.

*Edward H. Wright*, for appellants.

*Chas. E. Miller*, for respondents.

DUNBAR, C. J.—This is, in brief, an action in replevin, to recover possession of certain personal property which was the subject of a chattel mortgage given by the respondents to the appellants.   The action was commenced after the debt

[1]Reported in 121 Pac. 54.

had become due.  The mortgage, in addition to the usual conditions, contained the following:

"It is further understood and agreed that, if the first party shall fail to pay the indebtedness secured by this mortgage, or any part thereof, to the said second parties, or shall make default in any of the terms or conditions of said mortgage or shall fail to protect and safely keep and care for the said personal property, or any part thereof, or whenever the said second parties upon reasonable grounds shall deem said debt unsafe or insecure, then the said second parties may take possession of the said personal property wherever the same may be, and immediately proceed to sell the same in the manner provided by law, and from the proceeds pay the whole amount of said debt, together with the costs of said sale, including a reasonable attorney's fee."

The complaint set forth the mortgage, and contained the usual allegations of default, demand, etc.  To the complaint a demurrer was interposed, to the effect that the facts stated did not constitute a cause of action.  This demurrer was sustained, and the action dismissed.  From a judgment of dismissal, this appeal is taken.

The sole question presented is as to the legal effect of the clause above set out in the mortgage.  It was held by the trial court that such clause did not have the effect to confer upon the plaintiffs any right to possession of the property, while the appellants contend that such clause conferred upon them the right to take immediate possession upon default, and that, upon refusal of defendants to deliver possession, they can maintain an action in replevin.  So that the question becomes largely one of construction of a contract, and we are not aided in any appreciable degree by the cases cited by appellants from this court, as the legitimate deductions therefrom cannot be applied to the particular question involved in this case, or at least they are not necessarily applicable. The exact question, as baldly presented in this case, has never been before this court.  However, in *McClellan v. Gaston*, 18 Wash. 472, 51 Pac. 1062, in referring to the attempt of the

mortgagee to take possession of mortgaged property under a provision in the mortgage conferring such rights, it was said:

"Because a party to a contract violates his contract and refuses to do what he agreed to do, is no reason why the other party to the contract should compel the performance of the contract by force. The adoption of such a rule would lead to a breach of the peace, and it is never the policy of the law to encourage a breach of the peace. The right to an enforcement of this part of the contract must, in the absence of consent on the part of the mortgagor, be enforced by due process of law, the same as any other contract."

While that case differs from this in that the possession here is sought to be obtained through legal process, the underlying principle announced was that the provision for taking possession should be construed to be a provision for taking possession in the manner prescribed by the statute. The decision in this case was noted with approval in *Spencer v. Commercial Co.*, 30 Wash. 520, 71 Pac. 53, where it was held that, notwithstanding an agreement in a lease permitting the landlord to take possession by force, the landlord's common law remedy had been abrogated by the statute, and the methods provided by the statute were exclusive remedies.

Keeping in view the basic idea, that the interest of the mortgagee in the mortgaged property does not rise above a security interest, we think it is consistent to hold that the provision in the mortgage should be construed with reference to the methods provided by statute for subjecting the security to the payment of the debt. The judgment is affirmed.

FULLERTON, MOUNT, MORRIS, and ELLIS, JJ., concur.