[No. 12851.    Department Two.    January 24, 1916.]

GERMAN-AMERICAN STATE BANK, *Respondent*, v. SEATTLE GRAIN COMPANY, *Appellant*.[1]

CHATTEL MORTGAGES—CROPS—FORECLOSURE—NECESSARY PARTIES—CONVERSION—LIABILITY. One who converts a portion of a mortgaged crop of wheat by commingling it with other wheat is not a necessary party to an action to foreclose the chattel mortgage on the crop, and in case of a deficiency judgment, is liable for the conversion, although not made a party to the foreclosure action.

SAME—FORECLOSURE—JUDGMENT. Judgment for the debt in the foreclosure action did not operate as a release or waiver of the security.

SAME — CROPS — CONVERSION — LIEN OF MORTGAGE — SUBSEQUENT EQUITIES. In such a case, it is no defense that the converted wheat was taken in payment for sacks furnished for the harvest of the crop, which was equitably bound for the sack account, as against the recorded lien of the chattel mortgage.

Appeal from a judgment of the superior court for Adams county, Holcomb, J., entered December 8, 1914, upon findings in favor of the plaintiff, in an action for conversion, tried to the court. Affirmed.

*Wakefield & Witherspoon (H. T. Davenport*, of counsel), for appellant.

*G. E. Lovell*, for respondent.

[1]Reported in 154 Pac. 443.

Morris, C. J.—Respondent was the holder of two chattel mortgages upon the wheat crop of one Setters, an Adams county farmer, the amount secured by these mortgages being $9,500. After the wheat was harvested, Setters delivered approximately 1,000 bushels of the grain to appellant in payment of an indebtedness of $666.40 for sacks furnished the previous year. Appellant, upon receiving the grain, placed it in its warehouse in a common mass with other grain of like quality purchased by appellant from other farmers. This fact coming to the knowledge of respondent, it began a foreclosure of its mortgages, making Setters only defendant. A decree of foreclosure was entered, the property in Setters' possession sold, and a deficiency judgment entered against Setters in the sum of $1,656.60. Thereupon, respondent commenced this action against appellant to recover the value of the wheat obtained by it from Setters, claiming a conversion. Judgment was entered in its favor, and the grain company appeals.

It is contended, first, that the foreclosure action is a bar to this action. The argument supporting this claim is that, it appearing that respondent knew, prior to the commencement of the foreclosure proceeding, that appellant was in possession of a portion of the wheat, it was a necessary party to the foreclosure proceeding if respondent intended to hold it liable for the value of the wheat in its possession. This contention is not sound. Appellant was a proper but not a necessary party to the foreclosure suit. The mortgages gave respondent a lien upon the wheat, of which appellant had notice through the public records. When, therefore, it took the wheat from Setters and commingled it with its own it was an act of conversion. The lien of the mortgages still existed, and these liens were not lost when the bank sought judgment on its debt, together with a foreclosure of its security. The foreclosure proceeding resulted in a deficiency judgment against the mortgagor, and when the security

failed to extinguish the debt, the mortgagee had the right to proceed against any person who had converted any part of the security, and this right was in nowise dependent upon whether the one so converting was or was not a party to the foreclosure proceedings. *LaRue v. St. Anthony & D. Elevator Co.*, 17 S. D. 91, 95 N. W. 292; *Boydston v. Morris*, 71 Tex. 697, 10 S. W. 331. The judgment for the debt in the foreclosure action operated neither as a waiver nor a release of the security. *Muncie Nat. Bank v. Brown*, 112 Ind. 474, 14 N. E. 358.

The second contention is that respondent was equitably bound to pay the sack account due appellant, upon which the wheat obtained was credited. In the face of respondent's lien and its right to proceed against either the property or the person wrongfully appropriating it, it is needless to discuss any equities resting in appellant. Whatever its rights may have been, they were subject to those evidenced by respondent's liens.

The judgment is affirmed.

BAUSMAN, MAIN, PARKER, and ELLIS, JJ., concur.