[No. 13010.  Department One.  March 28, 1916.]

G. W. BOLLEN, *Respondent*, v. WILSON CREEK UNION GRAIN & TRADING COMPANY, *Appellant*.[1]

CHATTEL MORTGAGES—FORECLOSURE—PARTIES DEFENDANT. In an action to foreclose a chattel mortgage on a crop of grain, one to whom it was sold and is theoretically in possession is a proper party.

SAME—ACTION FOR DESTRUCTION OF LIENS. A chattel mortgagee of a crop of grain may maintain an action in trover against one to whom the grain was sold and delivered and who put the mortgaged property beyond the reach of the mortgagee, he being liable in damages for destruction of the lien.

Appeal from a judgment of the superior court for Grant county, Steiner, J., entered January 6, 1915, upon findings in favor of the plaintiff, in an action to foreclose a chattel mortgage, tried to the court. Affirmed.

*C. J. Lambert* and *C. G. Jeffers*, for appellant.

*W. E. Southard*, for respondent.

CHADWICK, J.—Respondent brought this action to foreclose a chattel mortgage executed by one Charles E. Sroufe. The mortgage covered a crop of grain which was raised by Sroufe in the year 1912. The grain was delivered, after harvesting, to the appellant, who bought and paid for a part thereof. The trial judge found that the mortgage was a valid and subsisting lien of which the appellant had

¹Reported in 156 Pac. 404.

actual and constructive notice.   It is contended that the court's finding that respondent had given Sroufe permission to sell the grain, and had told appellant's manager that it might buy the grain, was not well founded.   We are not prepared to say that this finding is not well sustained by the preponderance of the evidence.

The legal question, whether the respondent can maintain an action in the nature of a conversion is raised by appellant.   It relies upon the case of *Silsby v. Aldridge*, 1 Wash. 117, 23 Pac. 836, wherein it is held that a chattel mortgage, unlike a chattel mortgage at common law and in many of the states, creates no more than a lien, and that proof of a mortgage would not sustain an allegation of ownership. Respondent is not suing as an owner, or as one having present title or right of possession.   While denominating his action as one of foreclosure, the facts are set up showing the destruction of a valid lien upon the property, and resulting damages to the mortgagee.   The action is, therefore, more in the nature of an action on the case than an action of foreclosure.   *Randall v. Higbee*, 37 Mich. 40.

But, if we treat the action as one of foreclosure, appellant has done no more than bring in a party who, theoretically at least, has possession of the property, and has the burden of accounting for it.   It is always proper, and in most instances necessary, in a foreclosure proceeding to make all who have or claim an interest in the property parties, that their rights, as against the mortgagee, may be determined.   27 Cyc. 1562; *California Safe Deposit & Trust Co. v. Cheney Elec. Light, Tel. & Power Co.*, 12 Wash. 138, 40 Pac. 732.

One who has put the mortgaged property beyond the reach of the mortgagee cannot complain that the mortgagee does not proceed against the property, or sue in trover.   By his voluntary act, he has substituted his implied promise to pay such damages as the mortgagee may sustain, and is in

no position to determine for the mortgagee his choice of remedies.

The right to maintain an action for damages for the destruction of a lien has never been questioned in this court. The following cases recognize and support the governing principle. *Brotton v. Langert*, 1 Wash. 227, 23 Pac. 803; *Brown v. Union Sav. & Loan Ass'n*, 28 Wash. 657, 69 Pac. 383.

We find no error, and the judgment is affirmed.

MORRIS, C. J., MOUNT, and ELLIS, JJ., concur.