[No. 20250. Department One. April 27, 1927.]

ROCHE FRUIT & PRODUCE COMPANY, *Appellant,* v. JOSEPH VAUGHT *et al., Respondents.*[1]

[1] CHATTEL MORTGAGES (65)—FORECLOSURE—TAKING POSSESSION OF PROPERTY—REMEDY OF MORTGAGEE. Under a chattel mortgage of a crop of apples, providing that, upon default or breach of any of the conditions, the mortgagee could declare the whole sum due and take possession of the crop "pursuant to law," the mortgagee could not maintain an action of replevin, but must proceed to foreclose his security under the terms of the mortgage.

[2] REPLEVIN (44, 48)—ALTERNATIVE JUDGMENT—FORM — MEASURE AND AMOUNT. Where plaintiff in replevin obtained possession of the property by the writ and giving of bond, judgment for return of the property, or in the alternative for its value, in favor of three defendants jointly, who had different interests, conforming in every particular to Rem. Comp. Stat., § 434, will not be reversed on appeal; since the divergent interests of the defendants can be determined on proper proceedings and issues by the lower court after remand.

Appeal from a judgment of the superior court for Yakima county, Hawkins, J., entered May 8, 1926, upon findings in favor of the defendants, in an action of replevin, tried to the court. Affirmed.

*Grady & Velikanje,* for appellant.

*Williamson & LaBerge, O. R. Schumann,* and *Nat U. Brown,* for respondents.

[1]Reported in 255 Pac. 953.

MITCHELL, J.—This action was brought as one in replevin to recover possession of certain apples, crop of 1925, that were the subject of chattel mortgages given by Joseph Vaught to the Roche Fruit & Produce Company. The apples were grown by Vaught on lands leased to him by E. M. Kerper, the lease contract being dated March 23, 1925. The lease provided that the apples when harvested should be delivered at the Kerper warehouse to be packed, handled and disposed of according to the terms set out in the lease. The mortgages in question were given by Vaught after the date of the lease contract of which he had notice, and covered his one-half of the apples. Each of the mortgages provided that the mortgagor would carefully cultivate, raise and harvest the apples and pack and prepare them for market, in default of which the mortgagee might enter the premises, take possession and use necessary means to protect, gather, pack and prepare the apples for market and sell and deliver the same, charging the expenses thereof to the mortgagor, such expenses being secured by the mortgages. Each mortgage further provided that,

" . . . if first party [mortgagor] shall fail to take proper care of any of said crop, or if at any time second party shall deem themselves insecure, or the first party shall fail to keep possession of said crop, then and thereupon the second party or its assigns may declare the entire debt and sums thereby due and payable, and it shall be lawful, and second party or its assigns is hereby authorized to take possession of any or all of said crop, pursuant to law, or as the parties hereto may agree, and out of the proceeds of such sale, etc."

After the apples were gathered and delivered at the warehouse provided for in the lease contract, this action was commenced, the plaintiff alleging various breaches of the terms of the mortgages which entitled it, as it

claimed, to the right of possession of one-half of the apples, and which it demanded of the defendants who were in charge of the warehouse, and that the demand was refused. Upon commencing the action, the plaintiff, upon giving a bond therefor, at once got possession of one-half of the crop of apples by a writ of replevin. The defendants appeared in the action and set up their rights, Kerper set up his rights under the terms of the lease, Massoth his rights as operating warehouseman in charge with storage and other charges against the apples taken. Upon the trial, it was held that replevin would not lie; and upon findings and conclusions to that effect, judgment was given in favor of the defendants for return of the apples in substantially the same condition they were in at the time they were taken, or in the alternative, a money judgment in the sum of $786.32 found to be the value of the apples. Plaintiff has appealed.

[1] Appellant's first contention that replevin will lie centers upon that portion of the mortgages providing for the mortgagee taking possession of the property and preparing the apples for market upon failure of the mortgagor to properly take care of them. In the case of *McClellan v. Gaston,* 18 Wash. 472, 51 Pac. 1062, where, under a chattel mortgage with a provision similar to the one in the present case, possession was taken of the chattels without any process and without consent of the mortgagor, it was held that the violation of such a contract by one party is no reason why the other party should compel the performance of the contract by force, and that "the right to an enforcement of this part of the contract must, in the absence of consent on the part of the mortgagor, be enforced by due process of law, the same as any other contract."

In *Nettleton v. Evans,* 67 Wash. 227, 121 Pac. 54,

which was an action in replevin, this court, upon re-
ferring to the *McClellan* case and in discussing the
subject further than it had been discussed in that case,
said:

"While that case differs from this in that the pos-
session here is sought to be obtained through legal
process, the underlying principle announced was that
the provision for taking possession should be construed
to be a provision for taking possession in the manner
prescribed by the statute. The decision in this case
was noted with approval in *Spencer v. Commercial Co.*,
30 Wash. 520, 71 Pac. 53, where it was held that, not-
withstanding an agreement in a lease permitting the
landlord to take possession by force, the landlord's
common law remedy had been abrogated by the statute,
and the methods provided by the statute were exclusive
remedies.

"Keeping in view the basic idea, that the interest of
the mortgagee in the mortgaged property does not rise
above a security interest, we think it is consistent to
hold that the provision in the mortgage should be con-
strued with reference to the methods provided by stat-
ute for subjecting the security to the payment of the
debt."

Counsel for appellant argues that the *Nettleton* case
is not in point because in that case the debt was due at
the time the action was commenced and that the thing
to be accomplished was not mere possession of the
goods, but a sale of them to satisfy the debt. But that
suggestion, assuming it to be reasonable under some
circumstances, is not available here because the
breaches of the terms of the mortgages by the mort-
gagor, which the appellant alleged as justifying its
procedure in this case, of themselves matured the debt,
by the terms of the mortgages, and authorized the
taking of "possession of any or all of said crop, *pur-
suant to law*." The right of foreclosure with all its
features of preservation and sale of the property was

at once complete. Under the authority of those cases we think it must be held that the trial court, was right in deciding that replevin would not lie in this case.

[2] It is further assigned that error was committed in entering a joint money judgment in favor of all three defendants in case return of the apples could not be had. This is an action at law to recover possession of personal property. The judgment entered conforms in every particular to the requirements of Rem. Comp. Stat., § 434 [P. C. § 8083], covering such actions. The matter of an accounting between the defendants as to their respective rights in the alternative money judgment, or what part of it, if any, should go to the mortgagor who may be indebted to the appellant, mortgagee, were not litigated or passed on in this case. The money judgment is in the alternative only, and if necessary to protect the rights of any of the parties, the trial court can and will, upon proper proceedings and issues for that purpose, settle all such questions, and for the accomplishment of such adjustment, the judgment in the present case should not be construed a bar. With that understanding the judgment is affirmed.

MACKINTOSH, C. J., FRENCH, FULLERTON, and MAIN, JJ., concur.