[No. 21341. En Banc. July 8, 1929.]

SPOKANE SECURITY FINANCE COMPANY, *Appellant,* v. CROWLEY LUMBER COMPANY, *Respondent.*[1]

*R. L. Campbell* and *Robert R. Pence,* for appellant.

*Luby & Pearson* and *McWilliams & Weller,* for respondent.

MAIN, J.—After the departmental opinion in this case (*Spokane Security Finance Co. v. Crowley Lum. Co.,* 150 Wash. 559, 274 Pac. 102) was filed, a petition for rehearing was presented and granted. In the opinion of the department, after holding that a mortgagee of chattels may maintain an action of trover for conversion of the mortgaged property, the case of *Bancroft-Whitney Co. v. Gowan,* 24 Wash. 66, 63 Pac. 1111, which held that, where a chattel mortgage gave the mortgagee the right, in the case of default in payment, to take possession of the goods, such possession could be enforced by an action of claim and delivery, was cited and commented upon.

[1]Reported in 279 Pac. 103.

■ In the petition for rehearing, the cases of *Nettleton v. Evans*, 67 Wash. 227, 121 Pac. 54, and *Roche Fruit & Produce Co. v. Vaught*, 143 Wash. 601, 255 Pac. 953, in each of which it was held that a mortgagee of chattels, where the mortgage gave the right of possession, in the case of default did not have the right to maintain an action of replevin, but must proceed to foreclose his security under the terms of the mortgage, were cited for the first time. In neither of those cases is the *Bancroft-Whitney* case cited, but it was of necessity impliedly overruled. In order that the matter may now be set at rest, we say that the *Bancroft-Whitney* case is overruled, and the doctrine of the cases of *Nettleton v. Evans* and *Roche Fruit & Produce Co. v. Vaught, supra,* is adhered to.

■ It does not follow from this, however, that a mortgagee of chattels may not maintain an action for the conversion of mortgaged property. In the case of *German American State Bank v. Seattle Grain Co.,* 89 Wash. 376, 154 Pac. 443, it was held that one who converts property covered by a chattel mortgage is liable for such conversion. The holding of that case is approved, because in our opinion it stated the correct rule. If a mortgagee of personal property cannot maintain an action for the conversion of property covered by the mortgage, his security could easily be destroyed and he be left without remedy.

As directed in the departmental opinion, the judgment will be reversed and the cause remanded for further proceedings.

BEALS, PARKER, TOLMAN, HOLCOMB, MILLARD, and FRENCH, JJ., concur.