[Nos. 35185, 35186. Department One. August 25, 1960.]

JACK MUSCATEL *et al.*, *Appellants*, v. JAMES H. STOREY *et al.*, *Respondents.*

JOSEPHINE ST. PETER, *Respondent and Cross-appellant*, v. JACK MUSCATEL *et al.*, *Appellants.*[1]

[1] Reported in 354 P. (2d) 931.

*Moriarty, Olson & Campbell*, for appellants.

*Kelley & O'Sullivan* (*Thomas D. Kelley*, of counsel), for respondent and cross-appellant.

HUNTER, J.—This is an appeal and cross-appeal from judgments entered in two actions consolidated for trial, both arising out of the following facts.

The Illinois Investment Company, a Washington corporation, leased a hotel building in Seattle to Josie St. Peter and her husband, who is now deceased. On September 12, 1953, the St. Peters, with the written consent of the lessor corporation, assigned their leasehold interest to the defendants, James H. Storey and Verne Hicks. At the same time, they executed a bill of sale conveying certain personal property on the premises to the assignees. In consideration thereof, the assignees paid $5,000, and executed a promissory note for $22,000, secured by a chattel mortgage on the personal property. The consent to the assignment by the lessor corporation contained an agreement by the St. Peters to remain originally bound to all the terms and conditions of the lease.

In 1956, the Muscatel Brothers succeeded to the interests of the lessor corporation in the hotel property. Upon being informed that the lessees had falsified the records used to calculate the monthly percentage rental provided in the lease, the Muscatel Brothers commenced an action for unlawful detainer, to recover possession of the premises and damages. On August 24, 1956, the Muscatel Brothers recovered possession by writ of restitution and, on August 31st, leased the premises to one A. Label. On September 7, 1956, by amended complaint, Josie St. Peter was joined as a party defendant in the unlawful detainer action.

Subsequently, Josie St. Peter filed a new and separate action against the Muscatel Brothers, for the wrongful conversion of the chattels subject to her chattel mortgage. The two actions were consolidated for trial. In the unlawful detainer action, the trial court entered judgment against defendants Storey and Hicks, awarding damages to the plaintiffs in the amount of $2,784.27, and dismissed the action as to defendant Josie St. Peter. In her action against the Muscatel Brothers, the trial court found they had converted the mortgaged chattels and awarded Mrs. St.

Peter damages in the amount of $14,646.36, and allowed statutory attorneys' fees.

Muscatel Brothers appeal from that part of the judgment entered in cause No. 35185, dismissing the action against defendant Josie St. Peter, and from that part awarding damages against defendants Storey and Hicks, for an amount less than the amount prayed for in the complaint. Josie St. Peter cross-appeals from the failure of the court to allow damages for attorneys' fees incurred in the conversion action.

■ Appellants first contend the court erred in dismissing the unlawful detainer action against respondent Josie St. Peter. We disagree. An action instituted under our unlawful detainer statute is intended to provide a party, rightfully entitled to possession of real property, with a summary method of recovering possession from one guilty of unlawful detainer, as defined in RCW 59-.12.030.

The defendants in the instant case were served with a summons as prescribed by RCW 59.12.070 and RCW 59.12.080, which stated in part that " . . . this is an action of unlawful detainer."

In *Little v. Catania*, 48 Wn. (2d) 890, 297 P. (2d) 255 (1956), this court said of a summons issued pursuant to the same statutes:

"The special summons employed was wholly insufficient to give the court jurisdiction of the parties in a general proceeding. [Citations omitted.] The court obtained jurisdiction of the parties for a limited statutory purpose only —namely, to determine the issue of possession in an unlawful detainer action. Having obtained that limited jurisdiction, the court could not transform the special statutory proceedings into an ordinary lawsuit, and determine the issues and grant relief therein as though the action was [sic] a general proceeding."

Such a summons does not confer general jurisdiction to determine the liability of Josie St. Peter to the appellants under her collateral agreement to remain bound to the original lessor contained in the consent to her assignment. Moreover, Mrs. St. Peter was not in possession of the hotel

property. The trial court, therefore, correctly dismissed the action as to the respondent Josie St. Peter.

■ The appellants next attack the sufficiency of the judgment entered in cause No. 35185, against respondents Storey and Hicks. The judgment entered was in the amount of $2,784.27, a sum equal to the total of the doubled amount of the rent found to be due from January 1, 1956 to August 24, 1956, as authorized by RCW 59.12.170, and the amount of the utility bills paid by the lessors.

We must consider the question of the appellants' standing to maintain the action for the total amount of the judgment rendered. The record discloses that the trustee in liquidation for the Illinois Investment Company quitclaimed, to the Muscatel Brothers, the interest of the corporation in the hotel property on June 28, 1956. Such a deed conveys all the grantors' title and interest in the property and nothing more. Any right of action in favor of the corporation, arising out of the lease agreement, was a chose in action, which is personalty and therefore not conveyed by the quitclaim deed. *Ennis v. Ring,* 49 Wn. (2d) 284, 300 P. (2d) 773 (1956). No instrument assigning the chose in action was executed, consequently the appellants had no right to bring an action for any rent due prior to June 28, 1956. The judgment must therefore be reversed and remanded for modification consistent with this determination, and for the taking of further evidence in the discretion of the trial court.

As to the second cause of action, No. 35186, the appellants contend that Josie St. Peter was not entitled to maintain an action for conversion.

■ This court has long recognized the right of a chattel mortgagee to maintain an action in conversion against third parties for impairment of the mortgagee's security. *Bunn v. Walch,* 54 Wn. (2d) 457, 342 P. (2d) 211 (1959); *Cashmere Valley Bank v. Pacific Fruit & Produce Co.,* 198 Wash. 363, 88 P. (2d) 579 (1939); *Spokane Security Finance Co. v. Crowley Lbr. Co.,* 152 Wash. 697, 279 Pac. 103 (1929); *Bollen v. Wilson Creek Union Grain & Trading Co.,* 90 Wash. 400, 156 Pac. 404 (1916); *German-American*

*State Bank v. Seattle Grain Co.,* 89 Wash. 376, 154 Pac. 443 (1916); *Brotton v. Langert,* 1 Wash. 227, 23 Pac. 803 (1890); 10 Am. Jur. 832, *et seq.*

The appellants contend, however, there was no conversion of the mortgagee's security.

■ We find in the decisions of this court, many attempts to define conversion: Any unauthorized act which deprives a man of his property permanently. *Walker v. Cascade Milk Products Co.,* 21 Wn. (2d) 615, 152 P. (2d) 603 (1944); *Phillipos v. Mihran,* 38 Wash. 402, 80 Pac. 527 (1905). There must be some assertion of right or title which is hostile to the true owner. *Clark v. Groger,* 102 Wash. 188, 172 Pac. 1164 (1918); *Hess v. Starwich,* 149 Wash. 679, 272 Pac. 75 (1928). There may be an actual wrongful exercise of dominion over chattels without constituting a conversion, if such dominion is not a denial or repudiation of the owner's right or title. *Hess v. Starwich, supra.*

■ In the instant case the lessees voluntarily abandoned the mortgaged chattels. The lessees had ample time to remove any chattels from the premises at the time they were evicted. The appellant lessors acquired possession of the chattels by rightfully retaking possession of the realty; this alone cannot be held to constitute a conversion of any chattels remaining on the realty.

■ However, respondent Josie St. Peter contends she was entitled to possession of the property and that the Muscatels converted the property by their refusal to surrender possession upon her demand. Such demand, however, must be made by one entitled to immediate possession. The only basis upon which she might claim a right to immediate possession would be by virtue of the following provision in her chattel mortgage:

" . . . or if any attempt shall be made by said Mortgagors or any other person, to remove, dispose of or injure said property, or any part thereof, or if said Mortgagors do not take proper care of said property, or if such insurance be not maintained thereon, and all premiums promptly paid, it shall be lawful, and the said Mortgagors hereby authorize said Mortgagees, heirs, assigns or author-

ized agent, to take said property wherever the same may be found, and foreclose this mortgage or sell and dispose of said property at public sale on notice as provided by law, and on such terms as said Mortgagees, agents or assigns may see fit, . . . ."

Such clauses in chattel mortgages are to be interpreted as meaning the mortgagee is to take possession by one of the statutory realization methods. *Spokane Sec. Finance Co. v. Crowley Lbr. Co., supra; Roche Fruit & Produce Co. v. Vaught,* 143 Wash. 601, 255 Pac. 953 (1927); *Nettleton v. Evans,* 67 Wash. 227, 121 Pac. 54 (1912). Thus the mortgage provision, in itself, did not give the chattel mortgagee an immediate right to possession, and she had not pursued either of the statutory realization methods. Therefore, when Mrs. St. Peter made her demands, she did not have an immediate right to possession and appellants' refusal could not constitute an act of conversion.

However, a chattel mortgagee without an immediate right of possession may maintain an action, against third parties who convert the security, for damage or impairment of the mortgagee's security interest in the mortgaged property. In the instant case, the record shows that the chattels were not removed from the original location by the appellants; that they remained intact and identifiable; and that when the appellants leased the premises to A. Label, the lease contained a reservation to the effect that the lessee acquired only such interest in the furniture and fixtures as might be thereafter determined the lessors had. Mrs. St. Peter's ability to reach the mortgaged chattels by one of the statutory realization methods was in no way damaged or impaired by the appellants' acts and they were not answerable in any action for damage to or impairment of her security interest.

We need not consider the cross-appeal of the respondent Josie St. Peter, in view of our disposition of this appeal.

1. In cause No. 35185, the order dismissing the action against respondent Josie St. Peter is affirmed. The judgment against respondents Storey and Hicks is reversed and

remanded for modification, as heretofore provided in this opinion.

2. In cause No. 35186, the judgment for damages for conversion against the appellants by the respondent Josie St. Peter is reversed.

3. The appellants and respondent Josie St. Peter, having both substantially prevailed, will each bear their own costs of this appeal.

WEAVER, C. J., MALLERY, DONWORTH, and OTT, JJ., concur.

October 17, 1960. Petition for rehearing denied.

[1]Reported in 354 P. (2d) 903.