[No. 21149.  Department Two.  August 27, 1928.]

LOUIS GERVASI *et al., Respondents,* v. SEATTLE & RAINIER
VALLEY RAILWAY COMPANY, *Appellant.*[1]

[1] CHATTEL MORTGAGES (1)—SALES (170)—CHATTEL MORTGAGES AND
CONDITIONAL SALES DISTINGUISHED.  A purported conditional
sales contract under which an automobile is delivered to the
purchaser, is in effect a chattel mortgage and title passes, where
it provides that, on default of the vendee, the vendor may retake
the car, sell it, and charge all costs and attorney's fees to the
purchaser, made liable for the deficiency, and also giving the
vendor concurrent remedies.

[2] CHATTEL MORTGAGES (50)—RIGHTS AND REMEDIES—INJURY TO
PROPERTY—ACTION BY MORTGAGOR.  Where title to an automobile
passed to the purchaser under a purported conditional sales con-
tract which was in effect a chattel mortgage, and was damaged
while in his possession, he can recover therefor, notwithstanding
he thereafter defaulted in his payments, which were subse-
quently made to the assignee of the contract by the vendor.

Appeal from a judgment of the superior court for
King county, Hall, J., entered October 27, 1927, upon
the verdict of a jury rendered in favor of the plaintiffs,
in an action in tort.  Affirmed.

*Donworth, Todd & Holman,* for appellant.

*Stanley J. Padden* and *George F. Ward,* for re-
spondent.

MAIN, J.—This action was brought to recover dam-
ages to an automobile.  The cause was tried to the
court and a jury, and resulted in a verdict against the
defendant in the sum of six hundred dollars.  Motions
for judgment notwithstanding the verdict and for new
trial being made and overruled, judgment was entered
upon the verdict, from which the defendant appeals.

The facts are these: January 7, 1926, the respond-
ent R. Knox Roberts, a sole trader doing business

under the name of R. Knox Roberts Motors, sold to the respondent Louis Gervasi an automobile by contract which purports to be one of conditional sale. Three hundred dollars was paid at the time, and the contract provided for monthly payments thereon until the full purchase price would be paid. The automobile was delivered into the possession of Gervasi. January 14, 1926, Roberts transferred all his interest in the contract to the General Motors Acceptance Corporation.

November 19, 1926, the automobile was damaged in a collision with a street car owned and operated by the appellant. At this time Gervasi was in default in the payments called for by the contract in a small amount. Shortly after the collision, the car was surveyed at Gervasi's request, and he was advised that it was not worth repairing. No further payments were made on the contract. In December, 1926, the present action was begun, Gervasi and Roberts joining as parties plaintiff. In the spring of 1927, the automobile was taken into possession by Roberts and thereupon repaired. April 20, 1927, Roberts paid to the General Motors Acceptance Corporation the balance due on account of the transaction.

The controlling question upon this appeal is whether either of the parties plaintiff had such a right, title or interest in the automobile as would enable them to maintain the action. Inquiry will first be made as to whether Gervasi had a right to bring the action for damages to the automobile.

[1] The purported conditional sale contract, among other things, provided that, in the event of default the vendor could retake the automobile, sell it, charge all costs and attorneys' fees to the purchaser who should be liable for any deficiency. It also authorized the prosecution of concurrent remedies. In the cases of *West American Finance Co. v. Finstad,*

146 Wash. 315, 262 Pac. 636, and *Lahn & Simmons v. Matzen Woolen Mills,* 147 Wash. 560, 266 Pac. 697, it was held that purported conditional contracts of sale which contained like or similar provisions were in effect chattel mortgages and that title had passed to the purchasers. There is no substantial distinction between the contract in the present case and those involved in the cases referred to. The result is that title passed to Gervasi at the time the contract was made and the automobile delivered to him.

[2] If this be true, then the record shows nothing from which it can be inferred that he had ever parted with that title. Having the title, it follows, as a matter of course, that he had a right to maintain the action.

Since Gervasi had a right to maintain the action it is unnecessary to inquire whether Roberts had any right or interest in the automobile which would have enabled him to maintain the action had he been the only party plaintiff.

The judgment will be affirmed.

FULLERTON, C. J., HOLCOMB, ASKREN, and BEALS, JJ., concur.