[No. 22340.  *En Banc*.  December 15, 1930.]

RAYMOND BROTHERS IMPACT PULVERIZER COMPANY, *Appellant*, v. C. O. THOMAS, *Respondent*.[1]

*McClure & McClure* and *Walter S. Osborn,* for appellant.

*Murphy & Kumm* and *Orville C. Hatch, Jr.,* for respondent.

MAIN, J.—This was an action in replevin to recover the possession of certain machinery.  At the time the action was instituted, the plaintiff filed a bond and took possession of the property.  By answer the defendant asserted title thereto.  The cause was tried to the court without a jury, and resulted in findings of fact from which the court concluded that the title to the property was in the defendant, and ordered its return, or if this was not done, that the defendant would

[1]Reported in 294 Pac. 219.

be entitled to judgment against the plaintiff in the sum of $1,770. From the judgment entered in accordance with the findings and conclusions, the plaintiff appeals.

The appellant is a corporation, organized under the laws of the state of Illinois, having its principal place of business in the city of Chicago. The respondent did business in the city of Seattle under the trade name of The Thomas Company. October 6, 1927, the appellant sold to the respondent the machinery in question upon what purports to be a conditional sale contract. The purchase price was $1,770, of which $885 was paid in cash, the balance to become due sixty days after shipment. After the contract was executed, the machinery was shipped and subsequently installed in the respondent's plant in Seattle. The second payment was not made when due, or at all. Thereafter, as above stated, the appellant began this action, filed a bond and took possession of the property.

The contract contains this provision:

"The title and right of possession to the machinery herein specified remains in the company until all payments hereunder (including deferred payments and notes or renewals thereof, if any) shall have been made in cash, and it is agreed that the said machinery shall remain the personal property of the company whatever may be the mode of its attachment to realty or otherwise, until fully paid for in cash. The purchaser shall take such legal steps as may be required by law for the preservation of the company's title as herein provided, and in the event of the default by the purchaser in making any of said payments when due, as above provided, the full amount of said sums shall, at the election of the company, become immediately due and payable, in which event the company or its agents or representatives shall have the right to take possession of said equipment or materials, wherever found, without process of law, and shall not be held liable for such seizure and the company shall seize and retake possession of said equipment or materials,

or any part thereof, and shall sell the same or otherwise and account for the proceeds thereof, all upon such notice and at such time as may be required by the provision of any statutes of the state where said equipment or materials may then be located, relating to the conditional sales of personal property applicable thereto and the respective rights and interests of the company and the purchaser in and to said equipment or materials, or any part thereof, so seized shall be determined by the provisions of said statutes then in force. Should there be in force in the state where said equipment or material so seized may then be located, no statute relating to the conditional sales of personal property, then the company may, at its election, upon written notice to the purchaser, deposited in the mails ten (10) days prior thereto addressed to the purchaser at his last known address, sell said equipment or materials or any part thereof, at public or private sale, and at which sale it shall be optional with the company to bid for and purchase said equipment or materials, or any part thereof. The company shall retain so much of the proceeds of such sale necessary to satisfy any balance remaining due it as aforesaid, together with the cost of such removal and sale, and any excess shall be paid to the purchaser. Should the proceeds of such sale not cover the balance remaining due the company, together with the cost of removal and sale, the purchaser shall pay the deficiency to the company forthwith after such sale. No judgments recovered by the company against the purchaser for unpaid installments shall have the effect of vesting title to the equipment or materials herein specified in the purchaser, until such judgment shall have been paid in full.''

■■ The principal question upon this appeal is whether the contract, which purports to be one of conditional sale, was, by reason of its provisions, in fact a chattel mortgage. If the contract was, in fact, a chattel mortgage by reason of its provisions, then the judgment of the trial court should be sustained; on the other hand, if it was one of conditional sale, then the judgment should be reversed. From the excerpt

above quoted, it appears that the title to the property was to remain in the appellant until the purchase price thereof was fully paid, and in case of default the appellant had the right to retake possession.

After repossession the contract provides two methods of sale: One, in those states where the statutes relative to the conditional sales of personal property provide, after taking possession thereof, for notice and fixing the time for sale, and also provide what the respective rights and interests of the parties shall be in the equipment or material or the proceeds thereof after such sale; the other method of sale provided in the contract is to be adopted where the machinery is located, at the time of repossession, in a state where there is "no statute relating to the conditional sales of personal property."

In making the statement, "no statute relating to the conditional sales of personal property," reference, of course, was made to a statute or statutes similar to those which had just previously been mentioned as fixing notice, time, and the rights of the parties to the equipment or material or the proceeds thereof. In this state there is no statute touching the matter of notice, time, or the respective rights of the parties to the equipment or material or the proceeds thereof, when it has been repossessed and sold under a conditional sales contract. The property in question being located in this state, therefore, the second provision of the contract, or that applying to states in which there is no statute relating to the conditional sales of personal property, is controlling.

Looking to this provision, it is specified that, when possession is taken, ten days' notice of the sale shall be given to the purchaser; the seller, the appellant, retains the proceeds of the sale necessary to satisfy any balance due upon the contract, together with the cost

of such removal and sale, and any excess shall be paid to the purchaser. Immediately following is this:

"Should the proceeds of such sale not cover the balance remaining due the company, together with the cost of removal and sale, the purchaser shall pay the deficiency to the company forthwith after such sale."

By this provision, if the property should not sell for enough to pay the balance due, together with° the costs incident to the sale and the retaking possession thereof, then the purchaser remains obligated to pay the balance. This would establish the relation of debtor and creditor between the parties after the repossession and sale. Under the cases of *West American Finance Co. v. Finstad,* 146 Wash. 315, 262 Pac. 636; *Lahn & Simmons v. Matzen Woolen Mills,* 147 Wash. 560, 266 Pac. 697; *Gervasi v. Seattle & Rainier Valley R. Co.,* 148 Wash. 635, 269 Pac. 1050, the rule is that, where a contract purports to be a conditional sale but after default, retaking of the property, and sale thereof, the relation of debtor and creditor remains as to any balance that may be due, then the contract by its terms is a chattel mortgage, even though on its face it purports to be a conditional sale.

In *Lahn & Simmons v. Matzen Woolen Mills, supra,* following the case of *West American Finance Co. v. Finstad, supra,* it was said:

"It is our opinion that the contract in question must be construed as creating the relation of debtor and creditor after default and retaking of the property and sale thereof, and, if this be true, the contract cannot be one of conditional sale."

Since the contract now before us, as already seen, creates the relation of debtor and creditor after default, retaking possession, and sale, it is a chattel mortgage and not a contract of conditional sale.

In the briefs, authorities from other jurisdictions are cited, to which we deem it not necessary to refer, since in the case of *West American Finance Co. v. Finstad, supra,* it was recognized that the authorities in other jurisdictions were divided, and this court adopted the rule therein indicated.

If the contract be a chattel mortgage, as we have found, then replevin was not an available remedy to the appellant. *Nettleton v. Evans,* 67 Wash. 227, 121 Pac. 54; *Roche Fruit & Produce Co. v. Vaught,* 143 Wash. 601, 255 Pac. 953; *Spokane Security Finance Co. v. Crowley Lumber Co.,* 152 Wash. 697, 279 Pac. 103.

It is not correct to say that in each of the cases above cited, where it was held that a contract which created the relation of debtor and creditor after default, repossession and sale was a chattel mortgage, there was involved the rights of third parties, and that the rule there stated should not apply when the question arises between the immediate parties to the contract. If the contract by its terms is a chattel mortgage and not a conditional sale, then it could not be a conditional sale between the parties and a chattel mortgage when the rights of third persons are involved, because this is a matter which relates to the real character of the contract. The reason a contract which purports to be a conditional sale, but which in fact, by reason of its language, is a chattel mortgage, is invalid as to third parties is because, it being a chattel mortgage between the parties and not being executed as such, it is void as to third parties mentioned in Rem. Comp. Stat., § 3780.

In *Schultz v. Wells Butchers' Supply Co.,* 151 Wash. 382, 275 Pac. 737, it was said:

"On January 6, 1928, this court decided, in *West American Finance Co. v. Finstad,* 146 Wash. 315, 262

Pac. 636, that a conditional sale contract, containing a provision entitling the vendor, in the event of default, to resell the property and hold the vendee for the deficiency, constituted a chattel mortgage, and was void as to third parties, unless executed as a chattel mortgage with acknowledgment and affidavit of good faith.

"The conditional sale contract between these parties contains such a provision, and did not have an acknowledgment and affidavit of good faith. It did contain provisions for reselling the property and holding the vendee for the deficiency."

If the contract be a chattel mortgage and not a conditional sale, then the title to the property covered thereby passes to the purchaser at the time the contract is made and the property delivered.

In *Gervasi v. Seattle & Rainier Valley R. Co.,* 148 Wash. 635, 269 Pac. 1050, it was held that where title to an automobile passed to the purchaser under a conditional sales contract which was in effect a chattel mortgage, and was damaged while in his possession and while he was in default in the payments, he could recover the damages sustained, notwithstanding the fact that he made none of the subsequent payments due on the contract, which payments were made to the assignee of the contract by the vendor. It was there said:

"The purported conditional sale contract, among other things, provided that, in the event of default the vendor could retake the automobile, sell it, charge all costs and attorneys' fees to the purchaser who should be liable for any deficiency. It also authorized the prosecution of concurrent remedies. In the cases of *West American Finance Co. v. Finstad,* 146 Wash. 315, 262 Pac. 636, and *Lahn & Simmons v. Matzen Woolen Mills,* 147 Wash. 560, 266 Pac. 697, it was held that purported conditional contracts of sale which contained like or similar provisions were in effect chattel mortgages and that title had passed to the purchasers. There is no substantial distinction between the con-

tract in the present case and those involved in the cases referred to. The result is that title passed to Gervasi at the time the contract was made and the automobile delivered to him.''

If the title to the property passes at the time the contract is made and the property delivered, then it necessarily follows that the same rule should be applied when the question arises between the original parties as is applied when the rights of third parties are involved.

It is true, as suggested in appellant's brief, that the owner of the property may make such contracts with reference to it as he chooses, and that his contracts will be upheld by the courts so long as they violate no provisions of express statute, or do not run contrary to some rule of public policy, but this rule has no application to the present situation, because here the parties, by the language used, created a chattel mortgage and not a conditional sale. Whether the contract is one or the other must be determined from the language found therein.

The judgment will be affirmed.

MITCHELL, C. J., PARKER, MILLARD, and BEELER, JJ., concur.

BEALS, J. (dissenting)—In the majority opinion, it is held that the judgment appealed from should be affirmed, the opinion being based largely upon the authority of the cases of *West American Finance Co. v. Finstad,* 146 Wash. 315, 262 Pac. 636; *Lahn & Simmons v. Matzen Woolen Mills,* 147 Wash. 560, 266 Pac. 697, and *Gervasi v. Seattle & Rainier Valley R. Co.,* 148 Wash. 635, 269 Pac. 1050.

In the *Finstad* case, it was held that a contract purporting to be a contract of conditional sale should be held to be a chattel mortgage as against a subsequent purchaser in good faith and for value.

In the second of the cases cited, an agreement providing for the installation of and payment for a sprinkler system in a woolen mill was held to be a chattel mortgage and not a contract of conditional sale, the contract providing that in case of default the seller could remove the sprinkler system, sell the same and apply the proceeds, less cost and a reasonable attorney's fee, upon notes which had been given, at the time of the execution of the contract, for the purchase price, the contract construed as a whole showing that the relation of debtor and creditor was created thereby. The action was waged between the vendor of the sprinkling system, on the one part, and the woolen mills which had purchased the same and several other parties, as defendants. Notes had been given by the purchaser to the vendor, as provided for in the contract, and it was apparently the intention of the parties that, after the removal of the property by the vendor upon default, the sale of the property and the credit of the proceeds on the notes, the vendee should still be liable for any balance of the purchase price remaining unpaid. After purchasing the sprinkling system, the woolen mill had gone into the hands of a receiver, and the rights of its creditors were involved.

In the *Gervasi* case, it was held that the purchaser of an automobile under a contract which, while purporting to be a contract of conditional sale, was in effect, under the prior decisions of this court, a chattel mortgage, could recover for damages to the car sustained while the same was in his possession, notwithstanding the fact that he thereafter defaulted in his payments under the contract. If the contract under which Mr. Gervasi purchased the automobile was in law a chattel mortgage instead of a contract of conditional sale, and for that reason the title to the car had

passed to Mr. Gervasi, he could, of course, maintain an action for damages against a person who subsequently injured his property, notwithstanding the fact that he might still owe a portion of the purchase price of the automobile which he had purchased.

In the case at bar, the action is pending between the parties to the original contract. The rights of no third party have intervened, nor is there the question of any claim on behalf of a creditor. The contract between the parties affected, when drawn, no one but themselves, and it still concerns them, and them only. Without going into a detailed analysis of the provisions of the contract to be construed in the case at bar, it seems to me that it differs from the contracts which have been held by this court to be in fact chattel mortgages instead of contracts of conditional sale, as such contracts purported to be.

An examination of the contract here in question convinces me that it was by the parties thereto intended to be a contract of conditional sale, and that, while it contains provisions which the courts could properly hold to be unenforceable, as inconsistent with the manifest intent of the contract, considered as a whole, and particularly when considered in connection with certain specific provisions thereof, this court should not, unless the law positively requires such a holding, so construe the agreement as to make for the parties thereto a contract not in the contemplation of either one of them, at the time the agreement was made, and which establishes between them as to the property covered thereby a relationship fundamentally different from and, indeed, repugnant to, the relation which the parties intended to establish.

While it is true that contracts between individuals are frequently construed by the courts in such manner

as to result in the establishment of different legal obligations from those which the parties probably had in contemplation, courts are loath to so construe lawful agreements between competent parties in such manner as to fundamentally change the contractual relationship which the parties sought to establish between themselves. In the case at bar it seems clear that the parties by their contract intended the personal property covered thereby to remain the property of the seller, appellant, until paid for.

In my opinion, the contract differs from those construed by this court in the cases hereinabove referred to, and, the rights of no third party having intervened, the contract should be held to be one of conditional sale, and the judgment appealed from should be reversed.

FULLERTON, TOLMAN, and HOLCOMB, JJ., concur with BEALS, J.