[No. 23709. Department Two. November 29, 1932.]

ARNOLD ROBERTS, *Respondent,* v. CLAYTON SPECK *et al., Appellants.*[1]

*O. L. Boose,* for appellants.

*J. M. Dunn* and *Clarence R. Anderson,* for respondent.

BEALS, J.—This is an action in replevin instituted by plaintiff for the purpose of recovering possession of an automobile which had been delivered by defendants to plaintiff under a contract of conditional sale, according to the terms of which plaintiff agreed to pay for the car $1,000.90, receipt of $350 on account of the purchase price being acknowledged. Defendants contended that plaintiff was in default in his payments, and that, for this reason, they were entitled to repossess the car, and they accordingly took possession thereof.

The facts in connection with the seizure of the car became the subject of judicial inquiry, and are stated in the opinion of this court in the case of *Roberts v. Speck,* 169 Wash. 613, 14 P. (2d) 33.

[1]Reported in 16 P. (2d) 463.

In the case at bar, the trial court determined that defendants had wrongfully repossessed the automobile, and that plaintiff was entitled to the return thereof. Defendants having disposed of the car, and a return thereof being impossible, the court found that the value thereof was $125, and rendered judgment in plaintiff's favor for that amount. From this judgment defendants appeal.

In his complaint, respondent alleged that the value of the car was five hundred dollars, but the court fixed respondent's damages at the amount above referred to.

The contract concerning the automobile, entered into between the parties to this action, contained among other provisions, the following:

"The vendor or his assigns may declare the entire amount unpaid upon the above note at once due and payable, and may, without notice or demand, at any time take possession of the said property wherever found and remove the same to such place as the vendor may deem advisable, and retain the same as his own property, or may sell the same, with or without notice, at public or private sale, and apply the proceeds of said sale upon the above note, less the expense of taking possession of said property, removing and holding the same, and a reasonable attorney's fee, and in such case the vendee hereby agrees to immediately pay any balance then remaining unpaid upon the above note after the application of the proceeds of such sale. Suing upon this note or taking judgment thereon shall not, until such suit or judgment is satisfied in full, divest the vendor or assigns of title to said property or prevent the taking and selling of the same as above provided, or vest title of said property in the vendee. If any suit, action or proceeding be instituted by the vendor or assigns to recover possession of the above described property or to enforce any of the terms of this agreement, the vendee hereby agrees to pay in any such suit or

proceeding a reasonable sum to be determined by the court as attorney's fees."

In the case of *West American Finance Co. v. Finstad*, 146 Wash. 315, 262 Pac. 636, this court held that a contract purporting to be a conditional sale of personal property was, because of certain provisions therein contained (those provisions being of the same general nature as those hereinabove quoted from the contract here in question), no more than a chattel mortgage in favor of the vendor. The cases of *Lahn & Simmons v. Matzen Woolen Mills*, 147 Wash. 560, 266 Pac. 697; *Gervasi v. Seattle & Rainier Valley R. Co.*, 148 Wash. 635, 269 Pac. 1050; and *Schultz v. Wells Butchers' Supply Co.*, 151 Wash. 382, 275 Pac. 737, are to the same effect.

In the later case of *Raymond Bros. etc. Co. v. Thomas*, 159 Wash. 550, 294 Pac. 219, a majority of this court, sitting *En Banc*, followed the cases above cited, and held that, as between the parties to the contract, an instrument such as that now under consideration is, in effect, a chattel mortgage, notwithstanding the fact that it purports to be a contract of conditional sale. The court further held that, under these circumstances, replevin was not a remedy available to the vendor or chattel mortgagee, and it, of course, follows that, if such party cannot maintain an action in replevin, he cannot, without judicial process and against the will of the other party to the contract, himself repossess the property.

Appellants cite the case of *Allis-Chalmers Mfg. Co. v. Hedlund Lbr. & Mfg. Co.*, 164 Wash. 296, 2 P. (2d) 708, in which it was held that certain language contained in a contract of conditional sale, to the effect that the vendor might pursue all legal remedies to enforce payment of sums agreed to be paid there-

under, and that, if unable to collect, might thereafter repossess the property, would be disregarded, and the contract held to be one of conditional sale under which the title to the personal property described therein remained in the vendor. In discussing this phase of the contract, this court said:

"The language of this contract, that is, the major premise of counsel's argument that it isn't a conditional sale agreement, is this: 'The Company may pursue all legal remedies to enforce payment hereunder.' That does not mean anything up to that point; for it is implied in every contract which has not been fully performed that the injured party has the right to pursue all legal remedies to which he may be entitled under the law to enforce payment or performance; but here is the objectionable language: 'but if unable to collect may thereafter repossess the property.' The supreme court of this state has declared the public policy of the state to be, and the law of the state to be, that one can not do that. Where there is an objectionable agreement for the conditional sale of personal property, the vendor has the right to elect to consider the sale absolute and sue for the balance of the purchase price, or to assert his title and reclaim the property. He can not do both. The law of the state is to the effect that, if he elects the former course and fails to collect the money, he cannot subsequently get back the title to the property. It is suggested that these few words, 'but if unable to collect may thereafter repossess the property,' go to the very essence of the contract itself and to the rights of the parties to the contract. But the right thus attempted to be conferred is in violation of and contrary to the law of the state. The words express an agreement that the vendor may exercise a right that cannot be exercised under the law.

"It follows, of course, that, in construing the contract, we must disregard the words 'but if unable to collect may thereafter repossess the property.' Without them, the contract is clearly one of conditional sale."

In the case last cited, neither the case of *Raymond Bros. etc. Co. v. Thomas, supra,* nor the other opinions of this court of similar tenor were referred to. It cannot be held that the doctrine laid down in these cases has been modified by the case relied upon by appellants.

Appellants also cite the case of *Pacific Finance Corporation v. Snohomish County,* 160 Wash. 384, 295 Pac. 110. This case and the other authorities along the same line, relied upon by appellants, hold no more than that an ordinary contract of conditional sale of personal property passes no title, and that the courts will not re-write any such contract to give the same an effect not intended by the parties. This doctrine is not applicable here, as it is now the law of this jurisdiction that the use of certain words in the contract between the parties must be held to lead to certain legal consequences, even though the parties may not have intended such a result.

This case is clearly controlled by the decision of this court in the case of *Raymond Bros. etc. Co. v. Thomas, supra,* and the cases therein cited.

The judgment appealed from is affirmed.

TOLMAN, C. J., HERMAN, MAIN, and STEINERT, JJ., concur.