[No. 26574. Department Two. September 21, 1937.]

VIOLET R. WARD, *as Executrix, Appellant,* v. A. M. WARNER *et al., Respondents.*[1]

*H. E. Foster,* for appellant.

*Elmer Goering* and *Smith & Matthews,* for respondents.

ROBINSON, J.—The appellant, as executrix of the will of George W. Saulsberry, brought this action to replevin a piano. At the time the matter came on for trial, the piano had been in the custody of the sheriff for a period of seven months. The respondents contested the appellant's alleged right to possession by appropriate denials, and counterclaimed for loss of use and for damages alleged to have been done to their living-room floor in removing the piano from their home.

Trial came on before the court without a jury. At the close of appellant's evidence, the complaint was dismissed on the respondents' motion. After taking evidence on the counterclaim, the court found that

[1]Reported in 71 P. (2d) 677.

the piano was unlawfully taken from the possession of the respondents, and, at the conclusion of the trial, entered judgment dismissing the appellant's complaint and awarding the respondents recovery in the sum of twenty-eight dollars, with costs.

It appears from the evidence that, during the year 1931, respondents purchased a home from the appellant's testator, Mr. Saulsberry. In 1934, respondents still owed Saulsberry approximately two thousand dollars and were unable to keep up their installment payments. They attempted to borrow that sum from the Home Owners' Loan Corporation, but were unable to secure more than eighteen hundred dollars in this way. Saulsberry finally agreed to accept the eighteen hundred dollars and the following instrument in discharge of the respondents' indebtedness:

"$248.80                    Bryn Mawr, Washington,
                                    July 16, 1934
"For value received, we the undersigned, agreed and promise to pay to George W. Saulsberry the sum of TWO HUNDRED FORTY-EIGHT DOLLARS AND EIGHTY CENTS ($248.80) together with interest at the rate of SIX percent per annum from date until paid. The above sum shall be paid in monthly installments at not less than FIVE DOLLARS per month, together with interest for the first 8 months thereafter at the rate of $10.00 per month or more until said note and interest is fully paid. A failure to make said payments when due for three months, the whole of said note shall become due and payable. In the case of sickness or lack of employment this time may be extended. ·

"To secure the payment of the above and foregoing note, we mortgage, sell and transfer to said George W. Saulsberry our Piano being No.............of the Hallet & Davis manufacture.

"Signed in duplicate the day and date above written.
                                    "A. M. WARNER
                                    "MRS. NEVA WARNER"

The piano remained in the possession of the respondents. They fell behind in the payments provided for in the instrument, and Saulsberry's executrix began this action, secured a writ of replevin, and seized the piano.

The matter must be determined almost wholly by construction of the instrument hereinabove quoted, for, although there was some testimony by the appellant, who had been the secretary of the deceased, concerning the making and delivery of the instrument, it threw no light upon the intention of the parties. Nor are we materially assisted by the fact that the respondents, who subsequently filed a petition in bankruptcy, failed to specifically list the piano with other household goods claimed as exempt, especially since in another portion of the bankruptcy schedules they described it as being subject to a chattel mortgage.

The trial court was of the opinion that Saulsberry did not take title to the piano in satisfaction of the balance due him on the real estate transaction giving the respondents an option to repurchase it, as appellant contends, but that he took an installment note in satisfaction of that balance, secured by a chattel mortgage on the piano. We are in entire accord with that view. There is nothing to indicate that Mr. Saulsberry wanted a piano. Everything points to the fact that he wanted the money due him. The instrument was dictated by Mr. Saulsberry himself, and, as we have seen, is in the form of a promissory note, closing with this language:

"To secure the payment of the above and foregoing note, we mortgage, sell and transfer to said George W. Saulsberry our Piano being No.............................of the Hallet & Davis manufacture."

The appellant stresses the words "sell and transfer." Such words are commonly used in mortgages. They do

not import an absolute present conveyance. An even stronger expression was held not to do so in *First Guaranty Bank v. Western Cross Arm & Mfg. Co.*, 139 Wash. 614, 247 Pac. 1027. There, the words were: "granted, bargained, sold, assigned, transferred, and set over." The words "to secure" and "mortgage" show the true purpose and character of this instrument. It is given "to secure" and to "mortgage", and though lacking in the statutory formalities, it was rightly held to have the effect of a chattel mortgage, no rights of third parties having intervened.

This being so, the appellant had no right to possession and replevin would not lie. *Roche Fruit & Produce Co. v. Vaught*, 143 Wash. 601, 255 Pac. 953; *Raymond Bros. Impact Pulverizer Co. v. Thomas*, 159 Wash. 550, 294 Pac. 219.

The evidence upon which the court based its award of twenty-eight dollars, with respect to rental value, is wholly undisputed.

The judgment appealed from is therefore in all respects affirmed.

STEINERT, C. J., HOLCOMB, BEALS, and BLAKE, JJ., concur.