[No. 14512.  Department Two.  April 27, 1918.]

JOHN EMBAGI, *Appellant,* v. NORTHWESTERN
IMPROVEMENT COMPANY, *Respondent,*
A. W. HENDRICKS, *Defendant.*[1]

CHATTEL MORTGAGES—ACKNOWLEDGMENT AND RECORDING—"CREDIT-ORS" AND "INCUMBRANCERS"—STATUTES—CONSTRUCTION.  A preferred creditor who takes a quitclaim deed in payment of its antecedent debt, with actual notice of a prior unacknowledged and unrecorded chattel mortgage unaccompanied by an affidavit of good faith, is both a creditor and incumbrancer for value and in good faith, within Rem. Code, § 3660, providing that such a chattel mortgage is void as to creditors, subsequent purchasers and incumbrancers for value and in good faith; and its title by the quitclaim is superior to the mortgage.

Appeal from a judgment of the superior court for Kittitas county, Holden, J., entered May 7, 1917, in favor of the defendant grantee, in an action to foreclose a chattel mortgage, tried to the court.  Affirmed.

*Pruyn & Hoeffler,* for appellant.

*Geo. T. Reid, J. W. Quick,* and *L. B. da Ponte,* for respondent.

MOUNT, J.—The appellant brought this action to foreclose an alleged chattel mortgage which was in the form of a bill of sale, without the affidavit of good faith required by Rem. Code, § 3660, and which was not recorded.  The Northwestern Improvement Company was joined as a party because it claimed ownership of the property sought to be foreclosed against.  Upon issues joined, the case was tried, and the court concluded that the property in question was the property of the Northwestern Improvement Company and entered a judgment to that effect.  The plaintiff has appealed.

The facts are not disputed.  They are substantially

[1]Reported in 172 Pac. 834.

as follows: In the year 1914, the Northwestern Improvement Company was the owner of a certain tract of land in the vicinity of Cle Elum, in this state. In March, 1914, A. W. Hendricks entered into negotiations with that company to lease a portion of this tract of land. He was advised that the tract was already under lease which would not expire until the fall of 1914, but that, after the expiration of that lease, he could have a lease upon the land. Thereupon Hendricks entered into possession of a part of the land and commenced the construction of a dwelling-house and outbuildings. He purchased the material for the construction of these buildings from the respondent, beginning on the 7th of April, 1914, and ending on the 14th of October of that year. On May 11, 1914, while the buildings were in course of construction, Hendricks borrowed from the appellant $400, and gave the appellant a conditional bill of sale covering the buildings. This bill of sale was neither acknowledged nor accompanied by an affidavit of good faith nor recorded. Hendricks did not pay for the materials that were purchased from the Northwestern Improvement Company, and on November 4, 1914, the improvement company, filed a claim of lien against the buildings for materials used therein amounting to $981.60. On the 13th of March, 1915, Hendricks gave to respondent a quitclaim deed to the buildings in consideration of $1,098.35, being the amount then owing by Mr. Hendricks to the improvement company. That company took immediate possession of the buildings, which were worth not to exceed $1,000 at that time. At the time this deed was given, Mr. Hendricks informed the company that he had given a bill of sale of the buildings to the appellant. Thereafter, in August, 1915, the appellant brought this action to foreclose the bill of sale, which was alleged to be a chattel mortgage.

It is argued by the appellant that, because the respondent, Northwestern Improvement Company, had notice of the bill of sale given to the appellant at the time Hendricks executed the quitclaim deed and delivered possession of the property, the respondent is not a purchaser in good faith.  In the case of *Smith v. Allen*, 78 Wash. 135, 138 Pac. 683, Ann. Cas. 1915D 300, we had occasion to review the cases from this court relied upon by the appellant, and a number of other cases, and we there held, as stated in the syllabus, that a creditor who takes a valid chattel mortgage to secure his antecedent debt, with notice of a prior unacknowledged chattel mortgage given to secure another creditor, is both a creditor and an incumbrancer for value and in good faith within Rem. Code, § 3660, providing that a chattel mortgage without acknowledgment is void as to creditors, subsequent purchasers and incumbrancers for value and in good faith; and his mortgage is therefore superior to the prior unacknowledged mortgage.  That rule is conclusive of the question presented in this case.  In that case we were considering a chattel mortgage which was taken with notice of a prior unacknowledged chattel mortgage, one which did not contain the affidavit of good faith and one which was not recorded.  There is no difference in principle in the two cases.  The same rule was followed in *Kato v. Union Oil Co.*, 92 Wash. 473, 159 Pac. 692, and in *Belcher v. Young*, 90 Wash. 303, 155 Pac. 1060.  The trial court was, therefore, right in concluding that the appellant's bill of sale or chattel mortgage was of no effect against a quitclaim deed and possession held by the respondent, Northwestern Improvement Company.

The judgment is therefore affirmed.

ELLIS, C. J., FULLERTON, CHADWICK, and HOLCOMB, JJ., concur.