[No. 23076. Department Two. September 2, 1931.]

ALLIS-CHALMERS MANUFACTURING COMPANY, *Respondent*, v. HEDLUND LUMBER & MANUFACTURING COMPANY, *Appellant*.[1]

*Lund & Dodds,* for appellant.

*Reynolds, Ballinger, Hutson & Boldt,* for respondent.

BEELER, J.—The respondent sold to the appellant certain machinery, the major part of the purchase price of which was to be paid in deferred installments. The sale was evidenced by two written contracts, but they were executed simultaneously and contemplated a single installation and were identical in terms so far as concerns this controversy; so that they may be regarded for present purposes as constituting a single contract, and we shall so treat them. The deferred installments of the price were evidenced by promissory notes made by the appellant to the respondent as payee.

[1]Reported in 2 P. (2d) 708.

One part of the contract reads as follows:

"The title and right of possession to the machinery herein specified, remain in the Company until all payments hereunder (including deferred payments and any notes or renewals thereof, if any), shall have been fully made in cash, and it is agreed that the said machinery shall remain the personal property of the Company whatever may be the mode of its attachment to realty or otherwise, until fully paid for in cash. Upon failure to make payments, or any of them, as herein specified, the Company may retain any and all partial payments which have been made, as liquidated damages, and shall be entitled to take immediate possession of said property, and be free to enter the premises where said machinery may be located, and to remove the same as its property without prejudice to any further claims on account of damage which the Company may suffer from any cause. The Company may pursue all legal remedies to enforce payment hereunder, but if unable to collect may thereafter repossess the property. The purchaser agrees to execute and deliver to the Company, on demand, all papers and do all things which may be reasonably necessary to perfect and maintain the Company's title, interest or lien."

The contract also contained this statement:

"All notes and securities given to the Company [the respondent] by Purchaser are taken by the Company, not in payment, but as evidence only of Purchaser's indebtedness."

The appellant defaulted in the payment of certain installments of the purchase price, and the respondent, conceiving the contract to be one of conditional sale, elected to take back the machinery, and a demand for possession was made accordingly. The demand being refused, the respondent brought this action to replevy the property. The appellant defended by saying that, as a matter of law, the contract did not reserve title to the property in the respondent until the price should be paid, but passed the title to the appellant and re-

served a lien upon it to secure the deferred install-
ments of the price; or, in common parlance, that the
contract was not one of conditional sale, but was, in
effect, a chattel mortgage. The only provisions of the
contract bearing on the question are included in the
above quotations.

■ The learned trial judge, in announcing *ore
tenus* his decision, after the presentation of the ques-
tion in argument to him, quite clearly analyzed the
pertinent parts of the contract, substantially as fol-
lows (we do not quote verbatim because it is obvious
from the record that what was actually said by the
judge was garbled in the reporting, though the mean-
ing was made clear):

The language of this contract, that is, the major
premise of counsel's argument that it isn't a condi-
tional sale agreement, is this: "The Company may
pursue all legal remedies to enforce payment here-
under"—That does not mean anything up to that
point; for it is implied in every contract which has not
been fully performed that the injured party has the
right to pursue all legal remedies to which he may be
entitled under the law to enforce payment or perform-
ance; but here is the objectionable language: "but if
unable to collect may thereafter repossess the prop-
erty." The supreme court of this state has declared
the public policy of the state to be, and the law of the
state to be, that one can not do that. Where there is
an objectionable agreement for the conditional sale of
personal property, the vendor has the right to elect to
consider the sale absolute and sue for the balance of
the purchase price, or to assert his title and reclaim
the property. He can not do both. The law of the state
is to the effect that, if he elects the former course and
fails to collect the money, he cannot subsequently get
back the title to the property. It is suggested that

these few words, "but if unable to collect may thereafter repossess the property," go to the very essence of the contract itself and to the rights of the parties to the contract. But the right thus attempted to be conferred is in violation of and contrary to the law of the state. The words express an agreement that the vendor may exercise a right that cannot be exercised under the law.

It follows, of course, that, in construing the contract, we must disregard the words "but if unable to collect may thereafter repossess the property." Without them, the contract is clearly one of conditional sale.

Judgment affirmed.

MILLARD and PARKER, JJ., concur.

TOLMAN, C. J., and BEALS, J., concur in the result.