[No. 24437.   *En Banc.*   October 17, 1933.]

SEABOARD DAIRY CREDIT CORPORATION, *Appellant*, v. INGA PAULSEN *et al., Respondents.*[1]

*McMullen & Snider,* for appellant.
*Bates & Burnett,* for respondents.

MILLARD, J.—On October 3, 1929, Inga Paulsen borrowed forty-one hundred dollars from S. D. Alexander, and executed a bill of sale to the lender covering eighty-eight head of cattle, which were then on a Clark county farm leased by her. On the same date, Alexander executed a conditional sales contract wherein he agreed to sell the same eighty-eight cattle to Mrs. Paulsen upon the condition that she pay fifty-two hundred dollars to him on a monthly installment plan. That contract was later assigned to the Seaboard Dairy Credit Corporation, the plaintiff in this action.

While purporting to be a conditional sales contract and, as such, duly filed in the office of the auditor for Clark county, the instrument was, in fact—the court

[1] Reported in 25 P. (2d) 974.

so found and no error is assigned on that finding—a chattel mortgage. However, the instrument was not filed as a chattel mortgage, nor was it accompanied, as the statute requires, by the affidavit of the mortgagor that it was made in good faith.

"A mortgage of personal property is void as against all creditors of the mortgagor, both existing and subsequent, whether or not they have or claim a lien upon such property, and against all subsequent purchasers, pledgees, and mortgagees and encumbrancers for value and in good faith, unless it is accompanied by the affidavit of the mortgagor that it is made in good faith, and without any design to hinder, delay or defraud creditors, and unless it is acknowledged and filed within ten days from the time of the execution thereof in the office of the county auditor of the county in which the mortgaged property is situated as provided by law." Rem. Rev. Stat., § 3780.

The foregoing instrument described, as follows, the property covered thereby: "All of the above described cattle with Brand 'A' on the right neck." None of the cattle was so branded. Mrs. Paulsen frustrated later attempts of the assignee to so mark the cattle.

On December 5, 1929, Mrs. Paulsen borrowed fifteen hundred dollars from the Agricultural & Live Stock Credit Corporation, and as security for payment of the loan she executed and delivered to the lender a chattel mortgage on forty head of cattle owned by her. On January 2, 1930, that lender sold to Mrs. Paulsen eleven head of cattle for fifteen hundred dollars, and on the same date took from Mrs. Paulsen a chattel mortgage in the sum of three thousand dollars. This included the mortgage of December 5, 1929, for fifteen hundred dollars and the price of the cattle purchased January 2, 1930, by Mrs. Paulsen. This company made an additional loan of three hundred dollars

on March 3, 1930, to Mrs. Paulsen, and another chattel mortgage was executed by her to the lender as security for payment of this loan. At the time of the execution of these several mortgages, which were duly filed and in all respects complied with the statutory requirements, the mortgagee thereunder did not have either actual or constructive notice of the rights asserted by the plaintiff under the instrument assigned to it by Alexander.

Subsequent to the execution of the three mortgages just described, a Mr. Blair informed the president of the mortagee that the Seaboard Dairy Credit Corporation claimed to have a conditional sales contract covering the cattle involved in the mortgages of the Agricultural & Live Stock Credit Corporation. An inspection of the county auditor's records disclosed that the conditional sales contract was on file. The president of the mortgagee of the three mortgages called on Mrs. Paulsen for an explanation. She assured him, in effect, that the cattle covered by the sales contract were not those covered by his company's three mortgages. He examined the cattle on her farm, and found none branded ''A'' on the right neck as described in the sales contract. On January 8, 1931, the president of the mortgagee of the three mortgages above described received written advice from an attorney representing the plaintiff-assignee that plaintiff held a conditional sales contract on eighty-eight head of Mrs. Paulsen's cattle.

On January 28, 1931, twenty days later, the Agricultural & Live Stock Credit Corporation took from Mrs. Paulsen, in renewal of the three earlier mortgages, a chattel mortgage (and took two new notes, one for twenty-eight hundred dollars and another for five hundred and fifty dollars secured by this last mortgage) on ''all the cattle and feed of every kind

and description owned by and in the possession of the mortgagors, including the following . . ." Sixty head of cattle were then described and their location was designated as "being located on mortgagor's leased ranches in Clark county, Washington." The grain, hay and feed covered by the mortgage were described as located on the Schuller ranch, in Clark county, leased by the mortgagor. The three earlier chattel mortgages contained the same description, except as to the number of cattle specifically mentioned therein. The last mortgage was duly filed, and was in compliance with all of the statutory requirements.

In November, 1930, Mrs. Paulsen became indebted to C. F. Rossiter, at which time the creditor had no notice of plaintiff's claim. Mrs. Paulsen made and delivered to her creditor a promissory note, secured by chattel mortgage executed by her, in the amount of the indebtedness. On February 2, 1931, which was subsequent to the time that Rossiter had been advised of plaintiff's claim, Mrs. Paulsen gave to Rossiter another note, which was secured by chattel mortgage. The original note was returned and the mortgage satisfied.

An action was brought by the Seaboard Dairy Credit Corporation against Inga Paulsen and others claiming some interest in the property, to recover some cattle that the plaintiff alleged had been sold by it to defendant Paulsen. A hearing upon the issues then joined resulted in a finding by the court that the conditional sales contract assigned by Alexander to plaintiff was a chattel mortgage to secure the payment of a loan of money by Alexander to defendant Paulsen. Plaintiff was granted leave to amend its complaint.

This action upon the amended complaint was brought for the purpose of foreclosing the chattel mortgage given by defendant Paulsen. The answers

598

of the defendants presented for determination the question as to the priorities of the several mortgages upon the Paulsen property. The trial court found that defendant mortgagees did not, at the time the credit was given to defendant Paulsen, have actual or constructive notice of plaintiff's claimed rights under its defective chattel mortgage. The court concluded, in effect, that notice at the time the credit is given, rather than at the time the security is taken, determines priority over a chattel mortgage not accompanied by the good-faith affidavit required by the statute; and decreed the liens of the Agricultural & Live Stock Credit Corporation and C. F. Rossiter prior to the lien of the plaintiff. The plaintiff has appealed.

Error is assigned on the finding and decree that respondents Rossiter and the Agricultural & Live Stock Credit Corporation each had a lien prior and superior to that of appellant.

Neither of the two respondents had knowledge or notice until long after they had given credit to Mrs. Paulsen that appellant had a chattel mortgage on the Paulsen property. At the time the security (renewal mortgages taken by respondents to secure antecedent debts) was taken by respondents, they had notice of appellant's claims. Appellant's mortgage lacked the affidavit of good faith required by the statute (Rem. Rev. Stat., § 3780) which declares a chattel mortgage void as against creditors and subsequent purchasers and encumbrancers for value and in good faith unless it is accompanied by the affidavit of the mortgagor that it is made in good faith and unless it is acknowledged and filed as provided by law.

"Notice at the time the credit is given, rather than at the time the security is taken, determines priority over an unfiled or unrenewed mortgage." *Hanson v. Blum*, 53 N. D. 526, 207 N. W. 144.

In *Smith v. Allen,* 78 Wash. 135, 138 Pac. 683, Ann. Cas. 1915D, 300, we held that a creditor who takes a valid chattel mortgage to secure his antecedent debt with actual knowledge of the existence of a prior unacknowledged chattel mortgage given to secure another creditor, is both a creditor and an encumbrancer for value and in good faith, within Rem. & Bal. Code, § 3660, which section in all essentials is the same as Rem. Rev. Stat., § 3780; and his mortgage is superior to the prior unacknowledged mortgage.

*Smith v. Allen, supra,* was cited with approval in *Kato v. Union Oil Co.,* 92 Wash. 473, 159 Pac. 692. We said:

"That the valid lien of a creditor against personal property of his debtor acquired upon a preexisting indebtedness, whether by judicial process or otherwise, is superior to a chattel mortgage executed by a debtor unaccompanied by the required affidavit of good faith, unacknowledged or unrecorded, is the settled law of this state. Such was our holding in *Smith v. Allen,* 78 Wash. 135, 138 Pac. 683, Ann. Cas. 1915D, 300, where the subject was reviewed at length in the light of our previous decisions."

In *Belcher v. Young,* 90 Wash. 303, 155 Pac. 1060, the appellants' mortgage was first in point of time, but it lacked the affidavit of good faith required by the statute. A second mortgage was given on the same property by the mortgagor to a creditor who had actual knowledge of the first mortgage. We held that the second mortgagee, although he had actual notice of the first mortgage, had a prior claim; that the first chattel mortgage, without a mortgagor's affidavit of good faith as required by the statute, was void as to creditors regardless of notice, and a creditor does not lose his status as such by subsequently taking security and becoming an "encumbrancer" with notice of the

prior mortgage. The question there presented was the same as is the one now before us.

The conditional sales contract under which appellant claims was duly recorded, yet it lacked the affidavit of good faith essential to give it validity as a chattel mortgage. Such an instrument is void as against a creditor subsequently securing a valid lien upon the property covered by such defective instrument.

Respondent Agricultural & Live Stock Credit Corporation was first to acquire a valid lien (a mortgage covering "all the cattle of every kind and description," etc.) against the Paulsen property, hence its rights are superior to those asserted by appellant.

There is no conflict between the case at bar and *Morton Organ Co. v. Armour,* 173 Wash. 462, 23 P. (2d) 887. In the case cited, we held that the absence of the affidavit of good faith and the lack of acknowledgment did not invalidate a chattel mortgage as to respondents,

" . . . in view of the fact that they were not good-faith purchasers . . . The chattel mortgage was good and valid as to them; they had full knowledge of all the facts and, with knowledge, accepted transfer of the organ."

The judgment is affirmed.

ALL CONCUR.