### Matter of Freeman Arthur PROCTOR, Bankrupt.
### No. 43188.

United States District Court
W. D. Washington, N. D.
Oct. 9, 1957.

Alex Wiley, Seattle, Wash., for the trustee.

Melville Oseran (of Robbins, Oseran & Robbins), Seattle, Wash., for petitioner, Al Schlaitzer.

LINDBERG, District Judge.

The only issue presented for decision upon the petition for review herein is whether or not a certain contract between Al Schlaitzer and bankrupt purporting to be a conditional sales contract covering a meat market, being Trustee's Exhibit No. 2, is under the laws of the State of Washington a conditional sales contract or a chattel mortgage.

The matter is submitted on a stipulated summary of evidence containing but two brief paragraphs as follows:

"I.

"Laird B. Peterson testified that he is the duly appointed, qualified and acting trustee of Freeman Arthur Proctor, bankrupt. That among the assets of said estate is a claim of the trustee to certain fixtures and equipment located in bankrupt's former place of business, to-wit: 4746 California Avenue, Seattle, Washington. That said assets were in the possession of bankrupt at the time of his adjudication. That bankrupt has surrendered the keys to said premises to the trustee.

"II.

"That said fixtures and equipment were sold to bankrupt by Al Schlaitzer, and in connection therewith a document was executed by said parties August 9, 1956, a duly certified copy of which document has been introduced in evidence herein as the only exhibit, and which is incorporated herein by this reference. That there is due and owing on account of said instrument from bankrupt to Al Schlaitzer the approximate sum of $9,673.00. That said instrument was filed as a conditional sale contract in the office of the Auditor of King County, Washington, on August 10, 1956."

The Referee's certificate on review indicates a hearing was held and evidence received but also shows that he reached his conclusion that the contract was a chattel mortgage as a result of an interpretation of the provisions of the contract without resort to other evidence or testimony, if any, which may have served to establish the attending circumstances or conduct of the parties.

The Referee apparently believed the case of West American Finance Co. v. Finstad, 146 Wash. 315, 262 P. 636, to be controlling with respect to the substance of the contract before him. It seems clear that the Finstad case stands for the proposition that the true nature of the contract must be determined from a careful consideration of the entire instrument, without regard to the form of the contract or the technical terms used therein, but with regard to the intention and purpose of the parties. 92 A.L.R.

332. It likewise appears from the opinion that the court there was influenced strongly in its conclusion because of the clarity with which sections 9 and 10 of the contract before them spelled out the vendor's right to repossess the property and after sale thereof to recover from the vendee any deficiency. See pages 319 and 320 of 146 Wash., page 638 of 262 P. There was nothing in the instrument that required the vendor to elect one remedy in lieu of another, i. e. rescind and repossess the property or sue for the price and pass title.

The contract here involved is not subject to the glaring weakness pointed out in that case.

■ While the law of the State of Washington is as stated in Low v. Colby, 137 Wash. 476, 243 P. 18, 20, 247 P. 475, namely:

> "Where it is doubtful from the face of an instrument, whether the contract is a conditional sale or a mortgage, the courts generally treat it as a mortgage, for the reason that such construction will be most apt to attain the ends of justice and prevent fraud and oppression."

it is still incumbent upon the court to construe an instrument purporting to be a conditional sales contract as being such unless the whole of the instrument gives indication that it was intended by the parties to be a chattel mortgage. Seaboard Securities Co., Inc. v. Berg, 170 Wash. 681, 17 P.2d 646, 92 A.L.R. 297.

In the main the substance of the provisions or language condemned by the Referee in concluding that the purported conditional sales contract is a chattel mortgage were considered by the Supreme Court of Washington in the case just cited and found to be not inconsistent with the essential elements of a conditional sales contract.

■ Exhibit No. 2, being a photostat of the original contract involved, shows that the parties were using a printed form apparently prepared by the Washington Escrow Company for use undoubtedly in connection with the transfer of various business enterprises where payment of the purchase price was deferred. The printed heading of the form is "conditional sales contract." The blanks appearing in the form are filled in by typewriter to meet the details of the transaction between Schlaitzer and Proctor without in any way altering the printed wording of the form. There is no evidence to show the attending circumstances under which the contract was made nor who prepared the contract or filled in the blanks of the form and this court must therefore attempt to ascertain the intent of the parties solely from a reading of the printed form of contract. Being so limited, however, a court should be cautious not to read into the words used some hidden or unintended meaning.

The Referee construes the forfeiture and assignment provision so as to entitle the vendor to take back not only his own property but also licenses and leases of the vendee used in carrying on the business, whether they originally came from the vendor or not. The paragraph construed is the fifth from the last in the contract and when we compare the printed language there with the printed language in the granting or sales clause at the opening of the contract we find that the vendor has agreed to sell, among other things, "lease (and) licenses". The required assignment or reassignment by the vendee in clear language refers only to those "involved in carrying on the above named business at the said location." Again, we have no evidence to establish the facts but any license or lease involved must refer to the original or renewals of those existing for the premises at the time of the agreement to sell.

The Referee in his certificate on review states:

> "A conditional sales contract which gives to the Vendor the right to forfeit and also the right to recover any part of the purchase price after forfeiture creates inconsistent remedies and therefore the Courts construe it as a mortgage.

"(2) The contract gave the Vendor the right, after forfeiture, to sue the Vendee for any damages or depreciation in value of the property during the Vendee's possession thereof, which is just another way of giving the mortgagee the right for a deficiency".

He has construed the contract to permit Schlaitzer to recover the business upon forfeiture and also to permit recovery of a part of the purchase price thereafter and bases his construction on the provision in the contract permitting the seller to recover after forfeiture "in case said property shall be seriously injured or impaired in value." He holds this to amount to "giving the mortgagee (vendor) the right for a deficiency."

The provision of the contract here being construed is the third from last. It reads as follows:

"In case default is made and the seller elects to terminate this contract as above provided, the said forfeited payments shall be in full satisfaction of all claims against the purchaser arising out of this contract, provided the purchaser shall forthwith peaceably deliver up possession of all goods and chattels to the seller in good order and condition (reasonable use and wear thereof excepted). But in case said property shall be seriously injured or impaired in value, or in case suit shall be brought to recover possession of the same or for its value, or for such injury, then the seller shall be entitled, in addition to said forfeited payments, to recover full compensation for such injury or impairment, and a reasonable counsel fee in such suit."

For clarity I will quote the paragraph preceding it:

"And the seller agrees that upon the receipt of said amount of $13,-177.68 and interest, before default has been made in any of the foregoing conditions, to execute to the purchaser a bill of sale of said goods and chattels. But it is expressly understood and agreed by the parties hereto that no title in any of said goods or chattels shall pass to or vest in the purchaser until the execution of said bill of sale."

These two paragraphs would appear to establish the contract as a conditional sales contract without question. No title passed and in case of forfeiture with election to terminate forfeited payments constitute full satisfaction of all claims against the purchaser *arising out of the contract*.

The proviso with respect to damages which the Referee condemns as being the equivalent of a right to claim a deficiency for unpaid payments, may and should be construed as a reservation by the vendor of any claim of damage for tortious action on the part of the vendee as a result of negligent or unlawful action resulting in serious damage or the impairment of value of the property. Allis-Chalmers Mfg. Co. v. Hedlund Lumber & Mfg. Co., 164 Wash. 296, 2 P.2d 708. The property at all times belonged to the vendor and the vendee even though a purchaser and entitled to possession of the business had no right to wrongfully injure or impair the value of the property. Thus, any right of action reserved to the vendor would not arise out of the contract and could not constitute a claim for deficiency. The wording of the provision "shall be entitled * * * to recover *full compensation* for such injury or impairment" indicates that the claim reserved is one sounding in tort and not in contract.

After carefully examining the provisions of the contract, Trustee's Exhibit No. 2 and construing it as a whole, I am of the opinion that under the law of Washington as established by the decisions of the State Supreme Court, including many in addition to those cited herein, said contract is a conditional sales contract and not a chattel mortgage.

The petition will be granted and the order of the Referee reversed.

An order in accordance with the foregoing may be presented on notice.