[No. 36624. Department Two. February 20, 1964.]

INVESTMENT SERVICE CO., *Appellant*, v. JOHN L. LALONDE, *Respondent.**

*Reported in 389 P. (2d) 414.

*Ned Hall* (*Hart, Rockwood, Davies, Biggs & Strayer* and *Donald Paul Hodel*, of counsel), for appellant.

*Robert L. Harris*, for respondent.

FINLEY, J.—This appeal involves a contest between (1) the holder-assignee of a security interest reserved by the seller of an automobile, and (2) a subsequent purchaser of that automobile. The *memorandum of sale* was filed as a conditional sale contract. The subsequent purchaser is contending that the security interest is actually a chattel mortgage; that filing it as a conditional sale contract was of no effect, and that he consequently acquired the automobile unencumbered by the security interest. In support of his contention the subsequent purchaser relies upon his interpretation of a provision in the contract which, he claims, authorized the vendor—and/or security holder (a) to repossess the chattel after default by the buyer, and (b) to thereafter *obtain a deficiency judgment for the amount remaining due on the contract price*. The trial court was persuaded by this argument relating to the dubious contract provision and held that the provision made the security interest a chattel mortgage, and that its being filed as a conditional sale contract consequently was ineffectual, resulting in the entry of summary judgment in favor of the subsequent purchaser.

The circumstances of the original sale may be summarized as follows: Francis Motor Car Company, a corporation located and doing business in the state of Oregon, sold a 1961 Ford automobile to Floyd Johnson, a resident of Clark County, Washington. A document entitled, *Retail Installment Contract,* was executed, whereby the vendor retained a security interest in the automobile to secure the balance owing on the sales contract. This docu-

ment was subsequently filed in Clark County *as a conditional sales contract.*

Shortly thereafter, the respective interests of both the vendor and vendee passed to others. The Francis Motor Car Company assigned the security interest to the United States National Bank of Portland, which, subsequently, assigned it to Investment Service Company, the plaintiff-appellant herein. After Johnson, the original vendee, obtained possession of the automobile under the original sale, Appliance Buyers Credit Corporation (a judgment creditor of Johnson) levied upon the automobile in Clark County, and purchased it at the ensuing execution sale. On the following day, the Appliance Buyers Credit Corporation sold and delivered the automobile to the defendant-respondent, John LaLonde.

Johnson defaulted on the original contract by refusing to make further payments, and the appellant, Investment Service Company, demanded surrender of the automobile. The respondent LaLonde, then in possession of the automobile, refused to surrender it, and Investment Service Company instituted the instant replevin action. After the summary judgment for LaLonde, Investment Service initiated this appeal, claiming the right to immediate possession because of Johnson's default respecting the alleged conditional sales contract.

The crucial question is whether the security interest reserved by the vendor involves a conditional sales contract or a chattel mortgage. If the security device was in fact a chattel mortgage because it contained a provision authorizing a deficiency judgment, then there was no Washington filing, *as such*, and LaLonde, having no constructive notice of plaintiff's interest, must prevail.

There is no contention on appeal that the characterization of the security device should be made by resort to law other than that of Washington. We do not reach any conflict of law issue on this point, even though the contract was made in Oregon, and that state was apparently the situs of the chattel at the time of delivery pursuant to the contract. If the law of another jurisdiction is not pleaded,

it will be presumed to be the same as that of Washington. *Nissen v. Gatlin* (1962), 60 Wn. (2d) 259, 373 P. (2d) 491. In *Norm Advertising, Inc. v. Monroe Street Lbr. Co.* (1946), 25 Wn. (2d) 391, 171 P. (2d) 177, we said:

" . . . While chapter 82, p. 204, Laws of 1941 (Rem. Supp. 1941, §§ 1278 to 1281), provides that the courts of this state shall take judicial notice of the constitution, common law, and statutes of every other state, nevertheless § 1281, *supra*, requires that such laws be pleaded, which was not done in this case."

The respondent's claim that the appellant's security interest must be treated as a chattel mortgage is based upon certain language in the memorandum of sale, purportedly authorizing a deficiency judgment. The challenged provision is in the section of the security document which spells out the remedies available to the vendor upon default by the vendee. This section contains three separate provisions, denoted as (a), (b) and (c). Clause (a) provides for the repossession of the automobile upon default, and clause (b) provides for suit for the purchase price, without repossessing or otherwise resorting to the property. It is the third clause (c) that contains the allegedly objectionable provision, and is the source of the present dispute. In part, it provides that upon default by the vendee the vendor may

"(c) Elect any other legal or equitable remedy for the recovery of said property or the collection of the amount remaining due under this contract, *or both*; . . . Any action by seller to enforce payment shall not waive any of seller's rights hereunder or pass title to said property, and all rights and *remedies hereunder are cumulative* and not alternative." (Italics ours.)

It is urged by the respondent that the words, "or both," indicate that the property can be recovered, *and then* the amount remaining due can also be recovered. He also emphasizes the word, "cumulative," in reference to the remedies in the entire section, including clauses (a) and (b), and he asserts that this can only indicate that all of the remedies are to be available and in any order, making

it possible to repossess, and then obtain a deficiency judgment.

On the other hand, the appellant emphasizes the word, "elect," and the provision which states that an action on the price shall not pass title in the property to the vendee. He suggests that the intent indicated by the words, "or both," is to allow an action on the purchase price, *and then* repossession of the property, if the judgment cannot be collected. By thus reversing the order in which it is intended that the remedies be exercisable, the provision is no longer one for a deficiency judgment, but actually is an abortive attempt, contractually, to safeguard the vendor from an election of remedies precipitated by his bringing an action for the purchase price.

■ If the respondent is correct in his contention that the quoted provision is one for a deficiency judgment, the instrument is a chattel mortgage under Washington law. *Smith v. Downs* (1956), 48 Wn. (2d) 165, 292 P. (2d) 205; *West American Finance Co. v. Finstad* (1928), 146 Wash. 315, 262 Pac. 636. The *Finstad* decision established the Washington rule that any security interest, purporting to be a conditional sales contract which reserved to the vendor the right to obtain a deficiency judgment after repossession of the chattel, would be treated as being in reality a chattel mortgage and ineffective as to third parties, unless it was filed as a chattel mortgage. The basic reasoning in *Finstad* was that such a provision, being inconsistent with the rights available under the conditional sale pattern, made it uncertain as to what the parties actually intended, and where such ambiguity existed the preference of the courts for chattel mortgages would carry the day. However, the long line of cases following the *Finstad* rule, and particularly *Smith v. Downs, supra,* have made it clear that the *Finstad* rule is not a rule of construction but a rule of law. The *Smith* case quoted the following language from *Roberts v. Speck* (1932), 170 Wash. 324, 16 P. (2d) 463:

" 'It is now the law of this jurisdiction that the use of certain words in the contract between the parties must

be held to lead to certain legal consequences, even though the parties may not have intended such a result.' "

Thus, in any case where the remedy of a deficiency judgment was *clearly* provided it would follow that the security arrangement would be a chattel mortgage rather than a conditional sale.

However, it may be doubted that the clause here in question is *clearly* a provision for a deficiency judgment. If, as appellant argues, the provision is intended merely to prevent the bringing of suit for the balance due on the purchase price from being a binding election of remedy and a bar against a later repossession, then the case falls outside of the *Finstad* rule. The nature of the contract is to be determined by the normal rules of construction. Even though such a provision is completely ineffective in Washington and will not prevent an election from taking place, the interpretation advanced by the appellant is not thereby precluded *if* it is found to have been the actual intent of the draftsman and the parties. Such a provision was before this court in *Allis-Chalmers Mfg. Co. v. Hedlund Lbr. & Mfg. Co.* (1931), 164 Wash. 296, 2 P. (2d) 708, where the remedy clause read, in part:

" ' . . . The Company may pursue all legal remedies to enforce payment hereunder, but if unable to collect may thereafter repossess the property. . . .' "

As that language amounted to only an ineffective attempt to avoid an election of remedies rather than providing for a deficiency judgment, it was in effect struck from the instrument, leaving nothing inconsistent with an intended conditional sale contract.

The *Allis-Chalmers* decision is consistent with the *Finstad* rule, and correctly states the law of Washington. Each case involved the inclusion of a provision in the remedies section of a conditional sales contract, which is unavailable for such contracts in Washington. However, it is the nature of the provision included which alters the legal consequences—not the mere existence of some inconsistency. Apparently, vendors are sometimes tempted

to include an unauthorized deficiency provision to give them added leverage in dealing with their vendees outside the courts. Possibly as a deterrent to this, the courts have ruled that such an inclusion alters the nature of the contract, making it a chattel mortgage. This result, sometimes harsh to the vendor, is unnecessary where the attempt is only to prevent an election of remedies. There the vendee is sufficiently protected if the courts simply disregard the inconsistent and/or offending language.

■ In the present case, the offending language is ambiguous. When it is considered *in vacuo*, it cannot be said whether the intent was to provide for a deficiency or to prevent an election of remedies when suit is brought for the purchase price. This ambiguity relates, however, to the meaning of this particular clause, and not the entire contract. This renders inapplicable the rule that, where the entire contract is ambiguous as to its intended form, a chattel mortgage interpretation is preferred. Where there is no clear provision for a deficiency judgment, the intention of the parties must be ascertained by reading the instrument as a whole, construing, where possible, each part as being consistent with the whole. See: *In re Proctor*, 156 F. Supp. 868 (W.D. Wash. 1957). This approach reserves the application of the *Finstad* rule to those cases where it is clear that the intent was to provide a deficiency remedy, thereby effectuating the policy underlying that decision without unduly creating pitfalls for the unwary draftsman.

This disposes of the issue of law presented in this appeal from the summary judgment. But the case must be remanded for further proceedings as to the rights of the parties under this conditional sales contract. Another issue presented in the arguments before this court should be considered.

■ The stipulated facts show the contract was executed in Oregon on October 26, 1960, and filed in Washington on November 7, 1960. The conditional sales filing statute, RCW 63.12.010, in force on that date, provides that conditional sales become absolute as to members of the protected class unless filed within 10 days from the time the

vendee takes possession of the chattel. Here the vendor contemplated the immediate removal of the chattel to Washington and, therefore, could only protect his security interest by compliance with the Washington statute. *Isaacs v. Mack Motor Truck Corp.* (1957), 50 Wn. (2d) 325, 311 P. (2d) 663. Foreign conditional sales contracts may be filed in Washington, and the burden is on the security holder to do so. Removal of the automobile to this state has not been shown to have been other than immediately upon the consummation of the sale, so we do not reach the question of whether the 10 days allowed for the filing of the conditional sales memorandum runs from the time possession is first delivered or from the time possession begins within the state of Washington.

The cause is reversed and remanded, with costs to appellant.

OTT, C. J., DONWORTH, WEAVER, and HAMILTON, JJ., concur.

April 10, 1964. Petition for rehearing denied.