**PACIFIC METAL COMPANY, Appellant,**

v.

**Fairell D. JOSLIN, Trustee of the Estate of Edsco Mfg. Co., bankrupt, Appellee.**

**No. 19897.**

United States Court of Appeals Ninth Circuit.

March 10, 1966.

Pendergrass, Spackman, Bullivant & Wright, Walter H. Pendergrass, Ronald E. Bailey, Portland, Or., Robinson, Landerholm, Memovich & Lansverk, Irwin C. Landerholm, Vancouver, Wash., for appellant.

John L. La Londe, Vancouver, Wash., for appellee.

Before JERTBERG, DUNIWAY and ELY, Circuit Judges.

DUNIWAY, Circuit Judge:

Pacific Metal Company, an Oregon corporation, a creditor of Edsco Manufacturing Co., bankrupt, appeals from a decision of the District Court for the Western Division of Washington. We affirm.

The facts are stipulated. Pacific sold certain machinery to Edsco under a conditional sale contract. The machinery was delivered to and used by Edsco at

Vancouver, Clark County, Washington. The contract was duly and regularly filed, as a conditional sale contract, in the office of the County Auditor of Clark County. It is valid under the laws of Oregon. Before using the form of contract for sales in Washington, Pacific obtained the opinion of Washington counsel that the form would be valid as a conditional sale contract in that state. It used the form in reliance upon that opinion. Both Pacific and Edsco believed that the contract in question was valid and enforceable, and intended that it should be. If the contract is not valid, it is because of a mistake of law on the part of Pacific and Edsco.

Edsco's trustee asserted, and the court held, that the conditional sale contract was void as against the trustee. The contract is not valid as a conditional sale in Washington, but is valid as a chattel mortgage. The reason is that the contract permits both repossession and a deficiency judgment, under the following language:

a. The portion appearing in Sec. 5 (a), dealing with repossession, and reading as follows:

" * * * in which event Purchaser shall remain bound for and shall and does agree to pay to Seller the balance remaining unpaid, with interest thereon in accordance with the provisions hereof, * * *."

b. The portion appearing in Sec. 5 reading as follows:

"All rights and remedies of Seller shall be and are cumulative and not alternative."

The Washington Supreme Court has held that such provisions render the contract invalid as one of conditional sale, and its recording as a conditional sale ineffectual. It may still be valid against credi-

tors, as a chattel mortgage, if recorded as such. (West American Finance Co. v. Finstad, 1928, 146 Wash. 315, 262 P. 636; cf. Smith v. Downs, 1956, 48 Wash. 2d 165, 292 P.2d 205; Investment Service Co. v. La Londe, 1964, 63 Wash. 2d 834, 389 P.2d 414.) That court has said that the rule is one of law, not a mere rule of construction. (Investment Service Co. v. La Londe, supra, at 838 of 63 Wash.2d, at 417 of 389 P.2d.) Pacific concedes that this is the Washington law. It sought to have the contract reformed, based upon a mutual mistake of law, by striking the language that we have quoted. This the referee and the trial court refused to do.[1]

The court rested its decision on Pacific's failure to comply with the appropriate recording statute. Washington has separate statutes for recording conditional sale contracts (R.C.Wash. § 63.12.010) and chattel mortgages (R.C. Wash. § 61.04.020). Admittedly, the latter statute was not complied with; no affidavit of good faith accompanied the contract, as that statute requires. Thus, considered as a chattel mortgage, the contract is void against the trustee, who stands in the shoes of creditors.

The section dealing with conditional sale contracts reads, in part (§ 63.-12.010):

"Sale absolute unless contract filed—Exceptions. All conditional sales of personal property * * * containing a conditional right to purchase, where the property is placed in the possession of the vendee, shall be absolute as to all bona fide purchasers * * * and subsequent creditors, whether or not such creditors have or claim a lien upon such property, unless within ten days after the taking of posses-

---

[1]. It is doubtful whether a valid ground for reformation has been shown. Nowhere does it appear that the parties did not intend to use the language in question. And the Washington court has said:

"[I]t is now the law of this jurisdiction that the use of certain words in the contract between the parties must be

held to lead to certain legal consequences, even though the parties may not have intended such a result."

Investment Service v. La Londe, supra, 63 Wash.2d at 838–839, 389 P.2d at 416. However, the trial court did not rest its decision on this ground, and we do not further consider it.

sion by the vendee, a memorandum of such sale, * * * shall be filed in the auditor's office of the county, wherein, at the date of the vendee's taking possession of the property, the vendee resides."

The filing was within the time and with the officer specified, but, as filed, the contract was invalid on its face, as a contract of conditional sale.

Pacific asserts that the contract was subject to an equity of reformation, which would make it valid, that creditors (and the trustee in bankruptcy, who represents them) are not bona fide purchasers, and that therefore the contract can be reformed as against the trustee. The argument is appealing, but the law of Washington appears to be to the contrary, and the trial judge, himself an experienced Washington lawyer, so held.

The statute makes the sale absolute as to creditors as well as bona fide purchasers. And the Washington court has refused to permit reformation in order to validate a filing under it as against creditors, Malott v. General Machinery Co., 1943, 19 Wash.2d 62, 141 P.2d 146, "because an instrument cannot be reformed so as to affect the rights of innocent third parties." (Ibid at p. 65, 19 Wash. 2d, p. 148, 141 P.2d) There, the mistake was an erroneous statement, in the contract, of the date of delivery of possession, so that it appeared on the face of the contract that the recording was late. Actual delivery was within the prescribed ten days, and reformation was sought to show the correct date. Pacific would distinguish the case on the ground that it involved a failure to comply with filing requirements, while here those requirements were complied with, but the contract itself was defective. We cannot follow the distinction. In either case, a creditor examining the filed contract could conclude that, as to him, the sale was absolute.[2] And, in *Malott*, it was to

avoid defeating creditors' rights that the court declined to decree reformation. We find no Washington case to the contrary.

Affirmed.

2. The Washington court has gone very far in this direction. Seaboard Dairy Credit Corp. v. Paulsen, 1933, 174 Wash. 594, 25 P.2d 974; Grunbaum Bros. Furni-ture Co. v. Humphrey Inv. Corp., 1926, 141 Wash. 329, 251 P. 567; Embagi v. Northwestern Improvement Co., 1918, 101 Wash. 558, 172 P. 834.