360

RAYMOND M. BATTEN, JR., *et al., Appellants,* V. JEAN H. FALLGREN *et al., Respondents.*

*Fredrickson, Maxey, Bell & Allison* and *Gordon L. Bovey,* for appellants.

*Cheadle, Clanton & Woeppel* and *Fred E. Woeppel,* for respondents.

WILLIAMS, J.—This suit was brought by Raymond M. Batten, Jr., to enforce a stipulation, the purpose of which was to settle five legal actions. He was joined in the suit by his wife, Edwinna Batten, his mother, Rose E. Rogers, and Comstock Investment Corporation, of which the individual plaintiffs were sole owners.

The principal defendant was Jean H. Fallgren, joined with her husband, Gerald K. Fallgren, her mother, Minnie L. Hartley, and their attorney, Fred E. Woeppel. From a judgment of dismissal, plaintiffs appeal.

All of the lawsuits arose out of the former marriage and divorce of appellant Raymond Batten and respondent Jean Fallgren. The decree in that divorce proceeding granted custody of the four minor children of the parties to respondent Jean Fallgren, provided payment to her of substantial monthly support for their care and ordered appel-

lant Raymond Batten to pay $22,000 as represented by a note and mortgage upon real property in Idaho. He became delinquent on both obligations. The following court actions were instituted:

1) Action of foreclosure by respondent Jean Fallgren on the note and mortgage on Idaho real estate.

2) Action of foreclosure by respondents Jean Fallgren and Minnie Hartley, against appellants and Fidelity Mutual Savings Bank on a note and mortgage upon real property in Spokane County.

3) Action by respondent Jean H. Fallgren against appellants Raymond Batten, Rose Rogers, and Comstock Investment Corporation to reach the assets of the corporation to apply on appellant Raymond Batten's personal debts.

4) Alienation of affection suit by appellant Raymond Batten against respondents Gerald K. Fallgren and Fred E. Woeppel. A cross complaint for assault and battery was pleaded in that action.

5) Respondent Jean Fallgren's motion to dismiss an appeal taken by appellant Raymond Batten concerning a modification of support provisions of the divorce decree.

On the eve of the trial of the alienation suit, the parties negotiated at length to effect a settlement. The next day the parties, less respondents Jean Fallgren and Minnie Hartley and appellant Rose Rogers, met in the trial judge's chambers. No significance has been attached to the absence of these parties. Those in attendance agreed to the stipulation which was then dictated by respondent Fred Woeppel in their presence. The stipulation purportedly settled the five lawsuits. The jury was so informed and discharged.

When the parties met to work out the details of the stipulation, controversies developed. Respondents withdrew from the negotiations and recommenced prosecution of their actions. Appellants thereupon instituted this suit to enforce the stipulation and to enjoin further proceedings in any of the lawsuits.

Appellants contend the trial court erred in entering finding of fact No. 4, which states that there was no basic

agreement as to the support money then due or for the support provisions to be applied during the summer months, that there was no meeting of the minds as to the stipulated methods of disposing of the Idaho mortgage foreclosure action because the proposal was contrary to public policy, and that there was no meeting of the minds as to the right of respondent Jean Fallgren to take a deficiency judgment in the Idaho foreclosure.

Both parties introduced considerable testimony at the trial concerning support payments. Although the trial judge stated that resolution of this problem was not insurmountable, he did feel that the parties had failed to reach a basic agreement.

Respondent Jean Fallgren did not wish to repeat the entire Idaho mortgage foreclosure proceeding if there was another default. To satisfy this objection, the stipulation provided for a note in the amount of $24,719 secured by a mortgage on the real property in Idaho, and also that a quitclaim deed to the property be placed in escrow for delivery in the event of default. The recorded stipulation contained the following escrow instructions:

> that further the escrow agreement with the escrow agent provide that upon default in either the monthly payments provided under the note or default on the payment on the due date of the note of the balance then due, that the escrow agent shall deliver the quit claim deed to Jean H. Fallgren and the escrow closed.
> THE COURT: Will that in full satisfy, then, the mortgage?
> MR. BATTEN: Yes.
> MR. REKOFKE: That would be full satisfaction, yes.
> MR. BATTEN: I assume there should be some reasonable notice in case of—
> THE COURT: Which will be in full satisfaction of the amounts secured by the mortgage. I think his request for reasonable notice should be given, . . .

■ Since the early case of *Dennis v. Moses*, 18 Wash. 537, 52 P. 333, 40 L.R.A. 302 (1898), it has been the law in Washington that a mortgagor may not waive his right of redemption until after default on the debt. This rule is

based on public policy. See *Beadle v. Barta,* 13 Wn.2d 67, 123 P.2d 761 (1942), and *Boyer v. Paine,* 60 Wash. 56, 110 P. 682 (1910). As appears from the portion of the stipulation above set forth, the quitclaim deed provision could not produce the results intended by the parties. The deed would amount to a mortgage. *Beadle v. Barta, supra.*[1]

Thus, there was a failure in one of the main objectives of the stipulation, which was that all problems were to be solved. The stipulation provided:

> The purpose and intent of the parties is to determine and render absolute all of the claims amongst and by and between them and exist as of this day and they represent they know of no other causes of action, claims, allegations existing.

■ Under the circumstances the stipulation had the effect of an agreement to enter into subsequent agreement. The contract was not complete because it did not dispose of all problems. *Strange & Co. v. Puget Sound Mach. Depot,* 176 Wash. 90, 28 P.2d 111 (1934). It therefore cannot be enforced. *KVI, Inc. v. Doernbecher,* 24 Wn.2d 943, 167 P.2d 1002 (1946); *Keys v. Klitten,* 21 Wn.2d 504, 151 P.2d 989 (1944).

The judgment of dismissal is affirmed.

HOROWITZ, A. C. J., and UTTER, J., concur.

---

[1] It is assumed that Idaho law is the same as Washington law since the law of Idaho was not pleaded. *Investment Serv. Co. v. LaLonde,* 63 Wn.2d 834, 389 P.2d 414 (1964); RCW 5.24.040.